SPENCER v. DRAKE.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. ACTION ON NOTE—CONDITION PRECEDENT—RETURN OF COLLATERAL.

Where a note was payable "on demand and upon return of security given," tender back of the security was unnecessary before commencing an action on the note.

Appeal from Trial Term, New York County.

Action by Harold E. Spencer, as administrator, against Charles W. Drake. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. C. Percy, for appellant.
Arnold Charles Weil, for respondent.

INGRAHAM, J. The action is on a promissory note, the complaint alleging that on the 14th day of July, 1900, the defendant made and delivered to the plaintiff's testator his promissory note in writing, dated on that day, and thereby promised to pay to the plaintiff's testator the sum of $10,174.57 on demand, with interest at the rate of 6 per cent. per annum. This allegation was admitted by the answer, which alleged certain defenses to the note, and set up two counterclaims. Upon the trial, the plaintiff offered in evidence the note, which seems to have been received without objection. That note states: "On demand and upon return of Security given I promise to pay to Lathrop R. Bacon & Co., or order Ten thousand one hundred and seventy-four and $^{57}/_{100}$ Dollars for value received, with interest at 6 per cent per annum, having deposited with you as collateral security" the various specified bonds and stock, with authority to sell the same "on the non-performance of this promise and without further notice; applying the net proceeds to the payment of this note, including interest." The plaintiff then produced the securities mentioned in the note, and some additional bonds which had subsequently been deposited as additional security for the payment thereof, and offered to surrender the same to the defendant on payment of the principal and interest due on the note, but not otherwise. The plaintiff having rested, it was conceded that the securities mentioned in the note had been deposited with the plaintiff's testator; that subsequent to the execution of the note the plaintiff had received 20 additional bonds, to be held as security for the note; that no part of the principal of any of said bonds had been paid; that the defendant demanded a return of the said securities prior to the commencement of this action, but did not tender the amount of the debt; and that the plaintiff demanded payment of the note, but did not tender the said securities. Whereupon the defendant's counsel moved to dismiss the complaint upon the ground that the note in suit calls for payment only on the return of the securities; that they should have been returned or tendered before suit was brought; that the tender at the time of the trial was of no avail, especially in the absence of proof that the securities were of no value; and that the plaintiff could not have a money judgment for the debt without returning or tendering them absolutely, and that the tender then made should have been unconditional, so that the defendant could then take the securities. Counsel stated that the defendant was not then prepared to pay the note. This motion was denied, and the defendant excepted, whereupon the plaintiffs moved for the direction of a verdict for the plaintiff, which motion was granted, and the defendant excepted. There was no request to submit any question to the jury, and the jury then, under the direction of the court, found a verdict for the plaintiff. There was no motion for a new trial, the appeal being from the judgment.

This question was presented to this court in the Second Department, in Field v. Sibley (74 App. Div. 81, 77 N. Y. Supp. 252), affirmed by the Court of Appeals without opinion (174 N. Y. ——, 66

N. E. 1108). The note in that case was like the note in this case, payable on demand and return of securities (see dissenting opinion by Goodrich, J.), and the question presented was whether a demand before the commencement of the action, with a tender of the securities, was necessary. In the prevailing opinion Mr. Justice Jenks says:

"Action lies against the maker of a demand note without preliminary demand. * * * I see no reason why the fact that the note was accompanied by collateral which related solely to it should vary the rule. For, if the fair implication was that the collateral should be surrendered at the same time the note was delivered up, and the right of the maker to receive the collateral and the note 'stood upon the same footing,' as was said in Ocean National Bank of N. Y. v. Fant, 50 N. Y. 474, then it follows that, if it was sufficient to produce the note on the trial, it was sufficient if the collateral was produced at that time;" and the presiding justice, in dissenting, says: "I think demand and tender must take place before action. There was no such demand or tender of securities before action, and it was not sufficient compliance with the terms of the note to tender the bonds at the trial."

The affirmance by the Court of Appeals of that judgment renders any further discussion of the question unnecessary.

It follows that the judgment appealed from should be affirmed, with costs. All concur.