BERTHA GOESKE (Formerly BERTHA STADLER), Respondent, *v.* GEORGE C. TAYLOR, as President of the AMERICAN EXPRESS COMPANY, an Unincorporated Association of More Than Seven Members, Appellant.

Fourth Department, May 16, 1923.

Banks and banking — foreign exchange — action to recover amount paid for negotiable foreign checks payable to plaintiff's mother — checks were not presented — action cannot be maintained.

Plaintiff purchased negotiable foreign checks from the defendant payable to the order of her mother at a bank in Germany. Both of the checks were sent by registered letter to plaintiff's mother but one only was received, and that about three years after it was sent. Plaintiff did not tender the checks to the defendant nor offer to indemnify it against loss at the time she made a demand for the return of the money, which demand was made before the check was received. The checks were never presented to the drawee for payment.

*Held*, that the plaintiff cannot maintain this action to recover the amount paid for the checks; and that even if it be assumed that the plaintiff intended to send money by means of purchasing a credit in Germany to her mother's order she cannot succeed since there is no proof that a credit was not established by the defendant.

APPEAL by the defendant, George C. Taylor, as president, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 1st day of March, 1923, upon the verdict of a jury rendered by

direction of the court, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Thomas J. Hargrave,* for the appellant.

*James W. Kelly,* for the respondent.

PER CURIAM:

When the plaintiff on March 13, 1916, went to the Rochester office of the defendant, she told an employee of the defendant that she wanted to send $300 to her mother in Germany. Whatever she may have then had in mind as to the method to be pursued in transmitting the money, she in fact then bought and paid for a negotiable foreign check for 1,618.15 marks drawn by the defendant to the order of Mary Eder, plaintiff's mother, on the Dresdner Bank, at Munich, Germany. (Neg. Inst. Law, §§ 210–215; *Amsinck* v. *Rogers,* 189 N. Y. 252.) A similar foreign check for 2,010.70 marks was purchased from the defendant by the plaintiff ten days later. Plaintiff posted registered letters to her mother containing these checks, but the letter containing the first check did not reach Mrs. Eder in Germany until August, 1919, and the other letter has never been delivered by the postal authorities to Mrs. Eder.

Although the plaintiff in July, 1916, demanded of the defendant a return of the amount paid by her for the checks, she was not then able to return the checks themselves, nor did she offer defendant indemnity against loss which might arise from the outstanding instruments. (Civ. Prac. Act, § 333.)

The payee never presented either of the checks to the drawee. She did not take advantage of the provisions of the law providing a method for the presentment of lost negotiable instruments. (Neg. Inst. Law, § 268.)

Without presentment, followed by protest, the payee could not maintain an action upon the checks against the drawer. (Neg. Inst. Law, § 260; *Amsinck* v. *Rogers, supra; Heinrich* v. *First Nat. Bank,* 219 N. Y. 1.) A fortiori, the plaintiff cannot maintain this action.

Even should we assume that the plaintiff intended to send money to her mother by means of purchasing a credit in Munich, to be there established by the defendant to her mother's order, and that the checks were but evidence of such credit, the plaintiff is in no better position. The burden would rest upon her to show a breach of defendant's contract on its part. The record discloses no evidence that a credit was not established by the defendant with the Dresdner Bank.

The judgment appealed from should be reversed on the law

and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide event.