Banco de Estado De Mexico, S. A., Plaintiff, *v.* Alfred Munzer, Doing Business under the Names of Alfred Munzer & Company and Industrias " la Victoria ", Defendant.

Supreme Court, Special Term, New York County, March 29, 1946.

*Louis Kohan* for defendant.

*Paul Schrag* and *Monroe Collenburg* for plaintiff.

PECORA, J. Defendant moves to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that it does not set forth sufficient facts to constitute a cause of action. It is alleged in the complaint that defendant's agent in Toluca, Mexico, drew a draft on October 9, 1943, in the sum of $2,569.11 against a corporation in New York City, and discounted said draft with plaintiff bank at its office maintained in Toluca, Mexico; that plaintiff forwarded the draft, by mail, to its correspondent in New York for collection; that the draft was lost in the mails before arriving in New York; and that plaintiff gave notice of those facts to defendant. The first cause of action seeks payment of the draft after alleging a demand from defendant. In the second cause of action plaintiff seeks recovery of the amount it paid to defendant's agent in Mexico, when it discounted the draft.

The sufficiency of the complaint is attacked upon the ground that there is failure to allege that either notice of protest for nonacceptance or notice of dishonor was given to the defendant as the drawer of the draft.

Since the draft herein was not both drawn and payable in this State it is a foreign bill of exchange (Negotiable Instruments Law, § 213).

Section 260 of the Negotiable Instruments Law provides: " Where a foreign bill appearing on its face to be such is dishonored by non-acceptance, it must be duly protested for non-acceptance, and where such a bill which has not previously been dishonored by non-acceptance is dishonored by non-payment, it must be duly protested for non-payment. *If it is not so protested, the drawer and indorsers are discharged.*" (Italics supplied.)

In referring to the liability of a drawer of a foreign bill of exchange, the court in *Richard* v. *Connecticut Electric Manufacturing Co.* (200 App. Div. 681, 687, affd. 235 N. Y. 530), through LAUGHLIN, J., said: " * * * and the drawer of such bills of exchange is not primarily liable thereon and is only liable according to the statute upon failure of the drawee on due presentment to accept or on due demand to pay, and on due protest for non-acceptance or non-payment."

The complaint seeks to excuse the failure to present for payment or to give notice of protest for nonpayment, by alleging that the draft was lost in the mails. The complaint fails to show any facts sufficient to excuse the long delay.

In *Heinrich* v. *First Nat. Bank* (219 N. Y. 1, 5–6), CARDOZO, J., said: " In transmitting them [the checks] for collection, it was acting in its own behalf, and not in behalf of its depositor. It adopted the post-office as one of the agencies for transmission; and through the negligence of the post-office, the checks were lost. The consequences of that negligence are not to be visited on the depositor any more than if the loss had occurred through the negligence of a messenger [citing cases]."

Further the court said (p. 6): " There was no attempt to collect them as lost paper (Neg. Inst. Law, § 268; Code Civ. Pro. § 1917; *Shipsey* v. *Bowery Nat. Bank,* 59 N. Y. 485, 491; *Aebi* v. *Bank of Evansville, supra,* at p. 78). There was neither demand upon the makers for payment nor notice to the indorser of non-payment."

Section 268 of the Negotiable Instruments Law provides: " Where a bill is lost or destroyed or is wrongly detained from the person entitled to hold it, protest may be made on a copy or written particulars thereof."

This section has been construed as providing " a method for the presentment of lost negotiable instruments." (*Goeske* v. *Taylor,* 205 App. Div. 429, 430; see 2 Daniel on Negotiable Instruments [7th ed.], § 1344; 23 Col. L. Rev. 156–157.)

The complaint, therefore, does not plead facts showing notice of dishonor or of protest for nonpayment to the drawer, nor are facts alleged sufficiently to excuse such failure. Merely alleging the loss of the instrument through the mails and efforts to find out what happened to it are not enough. There are no allegations of an attempt to obtain a duplicate bill or to employ the statutory procedure for presenting a lost instrument. The complaint must therefore be dismissed. The motion is granted with leave to plaintiff to serve an amended complaint if it is so advised within twenty days after service of a copy of the order to be entered hereon with notice of entry. Settle order.