FRANK CLAUS, Respondent, v. MARY E. WOOD, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ.

THERESA LIVINGSTON, Respondent, v. THIRD AVENUE TRANSIT CORPORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ.

(December 12, 1947.)

JOSEPH R. WATKINS, Respondent, v. HENRY M. BROOKS, Appellant.

*Per Curiam.* The judgment for $78,148.70 in favor of the plaintiff and against the defendant should be reduced to $72,857.53 by eliminating the sum of $3,576.72 and $1,714.45 interest thereon, representing the portion of the recovery with respect to the three promissory notes of aggregate face amount of $6,939.45 made by Heat-O-Matic Corporation on September 24, 1938, and indorsed by plaintiff and defendant. These notes are claimed to have been purchased by plaintiff on or about April 1, 1939. The $3,576.72 above mentioned represents half of what plaintiff paid therefor, and said sum with the interest has been included in the recovery on the joint venture, as well as included in the alternative cause of action. We are aware that this item in plaintiff's suit is based upon an alleged guaranty of payment of these notes by the plaintiff and defendant, but nevertheless this part of the action is founded on the notes, and plaintiff should not be permitted to recover on it, without producing the notes, or at least accounting for their absence and taking the steps required by section 333 of the Civil Practice Act. (*Clift* v. *Moses*, 112 N. Y. 426, 431; *Goeske* v. *Taylor*, 205 App. Div. 429; *Yuni* v. *Herscovitz*, 263 App. Div. 270, affd. 289 N. Y. 548.)

The judgment as so modified should be affirmed, with costs to the appellant, and the findings on which plaintiff's recovery with respect to the said Heat-O-Matic Corporation notes depends should be reversed, both as regards the cause of action based on the joint venture and the alternative cause of action which is based directly upon the guaranty of payment of the notes.

Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ., concur.

Judgment unanimously modified in accordance with opinion and as so modified affirmed, with costs to the appellant. The findings on which plaintiff's recovery with respect to the Heat-O-Matic Corporation notes depends should be reversed, both as regards the cause of action based on the joint venture and the alternative cause of action which is based directly upon the guaranty of payment of the notes. Settle order on notice.