PATRICK A. FRAIOLI, Appellant, *v.* ROLAND J. KALB et al., Respondents.

First Department, October 24, 1961.

*John J. Ferris* for appellant.

*Frederick Nack* for respondents.

*Per Curiam.* This is an appeal from an order entered May 1, 1961, dismissing the first cause of action for insufficiency.

The first cause of action is against the individual defendants as guarantors on a collateral promissory note. It is alleged that the defendants guaranteed payment of a long-form collateral note made payable by Herold Radio & Electronics Corporation to Austin Associates, Inc., subsequently assigned by them to Sheffield Commercial Corporation as security for the repayment of Austin's note to Sheffield, and later acquired by plaintiff, who is now the holder thereof. The complaint further alleges that the note is now due and payable, and that the original collateral promissory note is wrongfully withheld by one of the defendants, Adams, who refuses to surrender the same, and who is therefore made a defendant.

At the time the action was instituted and this appeal heard the plaintiff, though by the pleadings the owner of the note, was not in possession of the original. The respondents contend that not being in possession, plaintiff cannot enforce the obligation. This contention is without merit. (Negotiable Instruments Law, § 268; cf. *Banco de Estado De Mexico, S. A.* v. *Munzer,* 187 Misc. 162.) (It might be noted the court has since

been informed by written communication that plaintiff is now in possession of the original.)

The note recites that the obligation '' is further evidenced by a series of six (6) separate notes ''. Respondents argue that appellant, not being in possession of the six notes and certain other collateral (as appears from the complaint) is debarred from maintaining this action.

The body of the note provides that the note may be transferred with or without the collateral security, etc. The return thereof is, therefore, not a condition precedent to maintaining this action where such return is not expressly agreed on (*Spencer* v. *Drake,* 84 App. Div. 272; 10 C. J. S., Bills and Notes, § 528, p. 1160). *Manufacturers Trust Co.* v. *Steinhardt* (265 N. Y. 145, 148) cited by respondents, is not applicable. In that case an accommodation indorser was exonerated because of a material alteration of certain promissory notes '' within the logic and policy of the statute.'' Such material alteration consisted of a complete formal acceleration agreement executed simultaneously with the notes and delivered with the notes without the knowledge of the indorser.

Nor is it necessary that the six promissory notes be tendered. Plaintiff is suing on the prime obligation, and the note itself recites that the six promissory notes are merely '' further evidence '' of the obligation.

Accordingly, the order appealed from should be reversed, on the law, with costs to the appellant.

VALENTE, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order entered on May 1, 1961 unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs.