David P. **HOULIHAN** et al., Plaintiffs,

v.

**ANDERSON–STOKES, INC.,** et al., Defendants.

Civ. A. No. 75–0555.

United States District Court, District of Columbia.

March 7, 1978.

---

Michael I. Sanders, James Hamilton, Philip L. Cohan, Martha Jane Shay, Washington, D. C., for plaintiffs.

Jacob A. Stein, Kenneth F. Yates, Richard P. Shlakman, Henry A. Berliner, Jr., Washington, D. C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on the defendant's motion to compel production of documents and assess costs. For the reasons hereinafter stated, the Court finds that the defendants are entitled to the discovery of the requested tax returns for the years 1969 through 1974, but not to costs.

The defendants herein seek to compel the production of plaintiffs' tax returns (and those of each plaintiff's spouse and any trust for which a plaintiff is a trustee and/or beneficiary) for the years 1969 through 1974. The defendants argue that tax returns are subject to discovery in civil litigation and that they are relevant to the issues of damages and liability raised by plaintiffs' complaint. The plaintiffs argue in response that there is a strong public policy against disclosure of tax returns and that this policy should prevail because any information in the tax returns would be irrelevant to the issues in this case.

In support of their public policy, plaintiffs rely heavily upon the Tax Reform Act of 1976, P.L. 94–455, which, plaintiffs contend, indicates a strengthening of the public policy against disclosure of income tax returns. The Court is not persuaded by

this argument. First, the cited law only restricts the dissemination of tax returns by the government. *See Heathman v. United States District Court for Central District of California*, 503 F.2d 1032 (9th Cir. 1974). Copies in the hands of a taxpayer "are held subject to discovery." *St. Regis Paper Company v. United States*, 368 U.S. 208, 219, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961). Second, and more importantly, the policy underlying this law is not undermined to the same extent here as would be in the usual situation. In the usual case, a party seeks to discover an adversary's tax returns in order to use the *amount of his income* against him. The fear of public disclosure might thus hinder the "full disclosure of all the taxpayer's income which thereby maximizes revenue." *Federal Savings & Loan Insurance Corp. v. Krueger*, 55 F.R.D. 512, 514 (N.D.Ill.1972). *See Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). However, when a party, as in this case,[1] seeks to discover an adversary's tax returns in order to use the *amount of his tax losses and tax shelters* against him, the policy of inducing full disclosure is not thwarted because it is in the taxpayer's personal interest to disclose fully these matters. Thus, disclosure here, where it is not the amount of income that is really sought, would not hinder the public policy of full and accurate disclosure of a taxpayer's income. *Cf. Shaver v. Yacht Outward Bound*, 71 F.R.D. 561 (N.D.Ill.1976) (allowed discovery of tax returns where movants sought information as to business deductions, not income).

■ Having thus determined that the strength of the public policy asserted by plaintiffs is exaggerated, the Court must decide whether the tax returns are "relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Defendants claim that the tax returns contain information relevant to the issues of damages, the private offering exemption (investor sophistication, etc.), causation, re-

liance, and due diligence. Plaintiffs respond that the information in the tax returns is simply irrelevant to this case in light of recent developments in the securities law.

The Court believes that the legal issues raised by the plaintiffs are better decided upon a more complete factual record. This is especially significant here, where the relevancy of certain information, according to plaintiffs' view of the law, is dependent upon such factual issues as whether the defendants have failed to make a proper disclosure, whether plaintiffs had "access" to such information though not disclosed, whether plaintiffs' primary investment purpose was tax savings, etc. A discovery motion is not the appropriate time for the Court to make such findings of fact. Accordingly, the Court finds that the tax returns do contain information that may be relevant to the subject matter of this litigation and will require plaintiffs to produce them. The Court wishes to note, however, that nothing in this Order is intended to be nor should be construed as indicating how the Court may later rule on any factual, legal, or evidentiary issue.

■ Furthermore, the Court finds that, although the documents must be produced, the plaintiffs have acted in good faith and have presented a genuine dispute, worthy of the Court's consideration. Therefore, the Court will deny defendants' motion for costs.

Accordingly, it is, by the Court, this 7th day of March, 1978,

ORDERED, that defendants' motion to compel be, and the same hereby is, granted; and it is

FURTHER ORDERED, that defendants' motion for costs be, and the same hereby is, denied; and it is

FURTHER ORDERED, that plaintiffs shall produce within ten (10) days of the date of this Order, for inspection and copying their income tax returns for the years

---

1. The defendants argue that they need the amount of tax losses in defense of the damages claim. Furthermore, the use of tax shelters, tax benefit arrangements, etc., might be evidence of business and investment sophistication.

1969 through 1974, including the return of each spouse and the return of any trust with respect to which any plaintiff was a trustee and/or beneficiary between 1969 and 1974.