**Park B. SMITH et al., Plaintiffs,**

v.

**Martin BADER et al., Defendants.**

**No. 78 Civ. 2793 (RWS).**

United States District Court,
S. D. New York.

Aug. 31, 1979.

Burns, Jackson, Miller, Summit & Jacoby, New York City, for plaintiffs; Guy R. Fairstein, William A. Alper, John J. Willis, New York City, of counsel.

Spengler, Carlson, Gubar & Brodsky, New York City, for defendants; Edward Brodsky, William J. McSherry, Jr., New York City, of counsel.

SWEET, District Judge.

In this lawsuit, plaintiffs seek damages or recission of their investments due to defendants' alleged violations of the federal securities laws and their fiduciary obligations to plaintiffs in the offer of limited partnership interests and in the management of the partnership. Defendants have moved pursuant to Fed.R.Civ.P. 37(a) for an order compelling plaintiffs to produce their income tax returns for the years 1975 through 1978. They claim that plaintiffs invested in the partnership as a tax shelter and that these tax returns are relevant to the issues of reliance, damages and the sophistication of the investors.

Although there is no privilege protecting the production of tax returns, the courts have been reluctant to order routinely their discovery. This historic trend seems to stem in part from the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns. *See Mitsui & Co. Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 80 (D.P. R.1978); *Payne v. Howard*, 75 F.R.D. 465, 470 (D.D.C.1977); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y. 1964).

In weighing these concerns against the policy of liberal pretrial discovery, courts in the past have concluded that the production of tax returns should not be ordered unless it appears they are relevant to the subject matter of the action, and that there is a compelling need therefor because the information contained therein is not otherwise readily obtainable. *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y.1964). More recently, some courts have also considered whether the taxpayer himself has made an issue of his income. *See Mitsui & Co. v. Puerto Rico Water Resources, supra; Payne v. Howard, supra; Federal Savings and Loan Association v. Krueger*, 55 F.R.D. 512, 514 (N.D.Ill.1972).

In this case, it appears that much of the information sought by defendants is

relevant to the action. The plaintiffs' investments in other partnerships and their investments in other tax shelters may shed light on their sophistication as investors. Similarly, knowledge of plaintiffs' income tax rate and the net value of their investment in the partnership, along with other information, may be needed to calculate any tax benefits which may mitigate damages. *See Dupuy v. Dupuy*, 551 F.2d 1005 (5th Cir. 1977), *cert. denied*, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977); *Bridgen v. Scott*, 456 F.Supp. 1048, 1062 (S.D.Tex. 1978); *Houlihan v. Anderson-Stokes, Inc.*, 78 F.R.D. 232, 234 n.1 (D.D.C.1978).

Plaintiffs have already offered to produce much of this information for defendants.[1] Defendants argue, however, that without seeing the returns, they cannot ascertain whether plaintiffs needed the full deductions generated by their investment nor the exact amount of tax benefit to them and the consequent effect on damage calculations.

Plaintiffs have placed their income in issue by claiming that they have suffered a loss due to defendants' actions and it would be inequitable to prevent the defendants from obtaining the evidence necessary to disprove this claim. In addition, such disclosure would not contravene the public policy favoring the confidentiality of tax returns. When an adversary seeks to discover the *amount* of a taxpayer's income, the fear of public disclosure may hinder the full reporting of the taxpayer's income. When, however, a party seeks to discover an adversary's tax returns in order to use the amount of his *tax losses* and *tax shelters* against him, the policy of promoting full disclosure is not thwarted because it is in the taxpayer's interest to disclose fully these matters. *See Houlihan v. Anderson-Stokes, Inc.*, 78 F.R.D. 232, 234 (D.D.C.

1978). Similarly the traditional concern with the privacy of these returns is not present here, since the parties have already signed a confidentiality stipulation which prohibits the disclosure of any tax returns produced to anyone other than counsel.

Accordingly, plaintiffs are to produce their tax returns[2] for defendants' inspection within ten (10) days.

IT IS SO ORDERED.

---

1. Specifically, plaintiffs offered to provide defendants with their gross income, taxable income, total tax paid, percentage of income subject to the 50% maximum tax on personal service income and lists of the limited partnerships in which plaintiffs had invested. Defendants already have copies of the Form K–1's which show each plaintiff's share of the partnership's profits or losses and investment tax credits.

2. Since defendants indicated by letter to plaintiffs' counsel dated June 13, 1979, that they would be satisfied with inspecting only Form 1040 and Schedules A, B, D, E, 1368 and 4726, this order will be limited to that material.