■ DEPENDABLE LISTS, INC., et al., Appellants, v THEODORE MALEK et al., Respondents. — Order of the Supreme Court, New York County (Herbert Altman, J.), entered September 24, 1982, in this consolidated action which granted the defendant's motion for partial summary judgment and dismissed the causes of action alleged in the complaint in action No. 1, severed the causes of action set forth in the complaint in action No. 2 and denied the cross motion of the plaintiffs in action No. 1 for supervision of discovery proceedings, is unanimously modified, on the law and the facts, to the extent of denying the motion for partial summary judgment and vacating the severance and is otherwise affirmed, without costs. The plaintiffs-appellants Dependable Lists, Inc., and Jack Oldstein seek to enforce an anticompetition clause alleged to have been contained in an employment contract entered into between the corporate plaintiff and Theodore Malek, its former employee. Special Term granted the defendants-respondents' motion for partial summary judgment based upon the plaintiffs' failure to produce either a copy of the agreement containing the alleged anticompetition clause or to submit evidence establishing that the agreement in fact contained such a provision. Special Term also denied the plaintiffs-appellants' cross motion for continued examinations before trial under the supervision of a Supreme Court Justice, holding that the

grant of partial summary judgment rendered that request moot. In respect to the claims that the defendants had misappropriated plaintiffs' confidential lists and trade secret information, Special Term found that plaintiffs-appellants had failed to sustain their burden of establishing that any such material was in fact confidential. In granting partial summary judgment, Special Term abused its discretion. It resolved issues of fact presented by the papers, rather than merely determining that there were genuine issues of facts requiring a trial. The role of the court on a motion for summary judgment is issue finding not issue resolution. (See *Nestlerode v Federal Ins. Co.,* 66 AD2d 504; *Hirsch v Berger Import & Mfg. Corp.,* 67 AD2d 30.) The thrust of respondents' attack upon the complaint asserted in action No. 1, is that since the appellants cannot now produce a copy of the alleged agreement containing the anticompetition clause, they cannot establish that enforcement of the agreement is not barred by the Statute of Frauds. The defendant Malek has conceded in his examination before trial, however, that such a written agreement did in fact exist. He stated that he recalls "signing a document" when he joined Dependable, but that he does not have a copy of the employment contract in his possession, nor does he recall agreeing not to compete with Dependable for two years after leaving its employment. Thus this sworn acknowledgment by Malek, that a written employment contract was in fact entered into, defeats any claimed Statute of Frauds defense. The fact that the appellants cannot now produce a copy of that agreement does not bar them from establishing the terms of the agreement through secondary evidence. Although under the best evidence rule, whenever a party seeks to prove the contents of a writing, he should produce the original writing (Richardson, Evidence [10th ed], § 568), the contents of such writing nevertheless may be proved by secondary evidence if the absence of the original writing can be satisfactorily accounted for. Where a proper excuse has been shown for the nonproduction of the original writing, such as its loss or destruction, the admissions of the adversary, whether oral or written, can be received in evidence to prove the former existence as well as the contents of the writing (*Mandeville v Reynolds,* 68 NY 528, 536; Richardson, Evidence [10th ed], § 579). Here appellants have explained the absence of the writing. Oldstein has sworn in his affidavit that it was returned to Malek after he had completed 10 years of employment. Malek has acknowledged executing a document and while he disclaims any recollection of a noncompetition clause, he does not deny that the agreement contained such a clause. At the very least then, an issue of fact exists as to whether or not the agreement contained the noncompetition clause. Appellants should not be foreclosed at this stage of litigation in their efforts, through examinations before trial and other discovery procedures, to establish alternative means of proving the contents of that agreement. We likewise find that questions of fact exist in respect to the alleged misappropriation by the defendants of the trade secrets of the plaintiff. Malek is described by the executive vice-president of the plaintiff corporation as having been a key employee, with privy to the details of the corporation's customers, which details were not matters of common knowledge, nor otherwise obtainable. Significantly these assertions are nowhere denied by Malek. The opposing affidavits create issues of fact as to the roles and responsibilities of the various organizations involved in procuring and disseminating these "lists" and whether the lists and other material claimed to have been appropriated are in fact confidential. Resolution of these issues should await trial. Plaintiffs should be afforded the opportunity to continue discovery in such manner and form as is authorized and which they deem appropriate. However, there is no apparent need for court supervision of such further discovery. Concur — Kupferman, J. P., Ross, Carro, Asch and Alexander, JJ.