**A.F.L. FALCK, S.p.A., Plaintiff,**

v.

**E.A. KARAY COMPANY, INC., Defendant.**

**Application of A.F.L. FALCK, S.p.A., Petitioner,**

v.

**James KARAYANNIDES, Respondent.**

**No. 85 Civ. 1998 (RWS).**

United States District Court, S.D. New York.

Aug. 16, 1989.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City (Alan Mansfield, of counsel), for plaintiff/petitioner.

Schwarzfeld, Ganfer & Shore, New York City, for respondent.

## OPINION

SWEET, District Judge.

Plaintiff A.F.L. Falck ("Falck") moves for judgment pursuant to C.P.L.R. § 5227 compelling defendant Karayannides as guarantor to pay to Falck the debt which E.A. Karay Company, Inc. ("Karay") as judgment debtor owes to Falck. For the reasons set forth below, Falck's motion is granted.

### The Parties

Plaintiff Falck is a corporation formed under the laws of Italy which maintains its principal place of business in Milan, Italy.

Defendant Karayannides is a citizen of the State of New York and the president and sole shareholder of Metal Industries, Inc. ("Metal Industries"), a Delaware corporation maintaining its principal place of business in New York.

### Prior Proceedings

This court entered a judgment on July 9, 1986 against Karay, as judgment debtor, in the amount of $772,002.15. *See A.F.L. Falck, S.p.A. v. E.A. Karay Company, Inc.*, 639 F.Supp. 314 (S.D.N.Y.1985). Falck filed the petition in this action in supplementary proceedings on May 3, 1989 seeking the payment of a debt owed to a judgment debtor. The motion was considered on affidavits, argued and fully submitted on May 19, 1989. The facts set forth below are uncontested except as noted.

### The Facts

On or about September 25, 1980, Karay entered into a contract to sell to Metal Industries two hundred shares of common stock of Steel Fabricators, Inc. ("Steel Fabricators"), represented by stock certificate No. 2, in consideration for the sum of $331,713.28. That sum was to be paid in five annual installments, with the first installment due one year after the contract was signed and each additional installment due and payable one year following the previous payment with interest at a floating rate equivalent to the prime rate plus four percent, but not to exceed twenty-five percent annually.

The annual installments were to be evidenced by five promissory notes executed and delivered to the seller simultaneously with the contract. The notes were to be endorsed by Karayannides, individually, as the sole stockholder of Metal Industries. The instruments stated that the undersigned guarantees the payment of the said note at maturity. Falck alleges that Karayannides signed the notes and contract in his individual capacity and as guarantor of payment of each of the said notes. According to Karayannides he never signed the promissory notes.

The escrow agent Thomas A. Vafides ("Vafides"), has testified by deposition that the promissory notes were delivered to him and that they bore the signature of Karayannides. He then forwarded the promissory notes to Daniel Taub ("Taub") accountant for Karay on January 27, 1989. The notes have not yet been presented.

The contract provides that in the event of default and upon seller declaring the entire unpaid balance due and payable, the es-

crowee is authorized and directed to return and turn over the shares of stock represented in certificate No. 2 to Falck and the contract is to be terminated, the provisions thereof declared inoperative and of no legal effect whatsoever and all previous payments retained by the seller as and for its liquidated damages. Karay made no declaration of default nor received back the shares of Steel Fabricators. The escrow agent still holds the stock certificates. Karay has testified that Metal Industries currently owns the shares of Steel Fabricators.

Metal Industries is in default with respect to the payment of the five promissory notes. Karay has been adjudicated to be indebted to Falck for breach of contract.

*C.P.L.R. § 5227 Provides the Appropriate Remedy*

■ A judgment creditor seeking to enforce a federal judgment in federal court must use the applicable law of the state in which the federal court sits. *R.C.A. Corp. v. Tucker*, 696 F.Supp. 845, 849 (E.D.N.Y. 1988). A judgment creditor may enforce a cause of action that the judgment debtor possesses against a third party. N.Y.Civ. Prac.L. & R. § 5227 (McKinney 1978). The judgment creditor stands in the position of the judgment debtor as against the garnishee. *See* 6 J.B. Weinstein, H.L. Korn and A.P. Miller, *New York Civil Practice* ¶ 5227.05 (1988); *Port Chester Electrical Construction Corp. v. Atlas*, 40 N.Y.2d 652, 389 N.Y.S.2d 327 (1976).

Section 5227 authorizes a judgment creditor to secure an order directing a third party garnishee who is indebted to the judgment debtor to pay that debt to the judgment creditor upon service of a notice of petition and petition upon the garnishee. *Id.;* N.Y.Civ.Prac.L. & R. § 5227 (McKinney 1978). The court shall treat such a petition as a motion for summary judgment. *WABCO Trade Co., etc. v. SS Inger Skou, etc.*, 508 F.Supp. 94 (S.D.N.Y.1980); *rev'd on other grounds*, 663 F.2d 369, 370 (2d Cir.1981).

*Standards Applicable to Summary Judgment Motions*

Summary judgment is authorized if "there is no genuine issue as to any materi-

al fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir. 1988). All ambiguities are resolved against the moving party, and all favorable inferences are drawn in favor of the party against whom summary judgment is sought. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

The Supreme Court recently has made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987). Summary judgment is permissible only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

However, courts should not be reluctant to grant summary judgment in appropriate cases. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually insupportable claims," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), thereby permitting courts to avoid "protracted, expensive and harassing trials." *Mieri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Rule 56(e) provides:

When a motion for summary judgment is made and supported as provided in this

rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Statements in affidavits not based on personal knowledge, *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir.1988), and arguments or statements by counsel unsupported by the record, *Beyah v. Coughlin*, 789 F.2d 986, 989–90 (2d Cir.1986), cannot raise a genuine issue of fact requiring a trial.

*Karayannide's Liability as Guarantor*

Falck alleges that Karayannides is liable for the debt of Metal Industries to Karay because Karayannides signed the promissory notes issued by Metal Industries guaranteeing the payment of the debt. A guaranty is an obligation to answer for the debt of another. *Michaels v. Chemical Bank*, 110 Misc.2d 74, 441 N.Y.S.2d 638 (Sup.Ct. New York Co.1981). Under a guaranty agreement, the creditor may, upon default, proceed directly against the guarantor without taking any steps to collect the amount due from the principal debtor. 63 N.Y.Jur.2d, § 81, *Guaranty and Suretyship*, (1987 and Supp.1988). Such an obligation must be in writing. N.Y.Gen. Oblig.Law § 5–701.a.2 (McKinney 1989).

■ The party seeking to prove the contents of the writing must establish a proper excuse for the non-production of the document and that the original did exist. *See Dependable Lists, Inc. v. Malek*, 98 A.D.2d 679, 469 N.Y.S.2d 754 (1st Dept. 1983). However, where that writing was last in the control of the opposing party, if the proponent of the writing can show that the opponent had control over the document, that he demanded the document from the opponent and that the opponent has failed to produce the document, secondary evidence may be used to illustrate the existence of the document. J.B. Weinstein, *Weinstein's Evidence*, ¶ 1004(3)[0] (5th ed. 1983); *Cf. Watkins v. Brook*, 273 A.D. 753, 75 N.Y.S.2d 265 (1947). Where the pleadings make clear that the proponent will need to prove, as a material element of his case, the contents of a specific document in the opponent's possession, the requirement of notice is satisfied. 4 Wigmore, *Evidence* § 1205 at 470 (Chadbourn rev. 1972).

■ Essentially Karayannides presents only one factual issue: whether he signed the promissory notes securing Metal Industries purchase of the stock certificate from Karay. Although there is no evidence to support Karayannides' allegation that the parties to the contract intended to ignore the guaranty provision the fact that Karayannides signed the original contract demonstrates his intent to sign the promissory notes. Vafides' testimony that he received notes bearing Karayannides' signature also indicates that Karayannides did in fact personally guaranty the promissory notes.

■ Vafides testified that he forwarded the notes to an agent of Karay. Since Taub, an agent of Karay, was the last person in possession of the notes, Karayannides, as sole shareholder and president of Karay had last access and therefore control over the notes. Although the pleadings constituted sufficient notice to Karayannides, he has failed to produce the notes. Thus Falck's failure to produce the notes is not fatal to their claim. Karayannides has, however, directly rebutted Falck's evidence of the signing of the promissory notes. Therefore a triable issue exists with respect to the signing of the five promissory notes which personally guaranteed Metal Industries obligation to Karay, an issue which will require an evidentiary hearing.

*Statute of Limitations is not a Bar to Recovery*

■ "A court of equity will not permit the Statute of Limitations to run where the one claiming the benefit of the statute is the one charged in law with the duty of asserting and enforcing the claim before the statute runs." *See PET, Inc. v. Lustig*, 77 A.D.2d 455, 457, 433 N.Y.S.2d 934 (4th Dep't 1980). Karayannides was president and sole shareholder of Metal Industries at the time the agreement was signed. Since 1982 he has been the sole shareholder and president of both Karay and Metal Industries. He was therefore debtor, creditor and guarantor with respect to the contract

between these two parties. As president and sole shareholder of Karay the creditor corporation, Karayannides had a fiduciary duty to assert Karay's claim for default against either Metal Industries or himself. Because that claim was never asserted, Karayannides cannot use the statute of limitations as a bar to asserting the claim now.

*Karayannides is not Entitled to an Offset*

According to Karayannides he has loaned funds to Karay for payment of certain prior obligations and as guarantor of certain obligations of Karay, made payment on account of such obligations of Karay to third parties. He therefore alleges that Karay is indebted to him for a sum of $200,000. However, Karay does not submit any evidence of these loans or payments as guarantor. Moreover, the nature of these debts, if they were to be supported by sufficient evidence warrants denial of a set off. For the reasons set forth below, Karayannides is not entitled to a set off.

Where both parties have mutual debts or obligations, a set off is a statutorily authorized and one obligation may be set against the other. 20 Am.Jur.2d *Counterclaim, Recoupment and Set Off,* § 18 (1965). However, every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration. N.Y. Debt. & Cred. Law § 273 (McKinney 1989). Fair consideration is given where in good faith, an antecedent debt is satisfied. N.Y. Debt. & Cred. Law § 272 (McKinney 1989). However, transfers to a director, officer or controlling shareholder of an insolvent corporation are deemed to be lacking in good faith and are therefore presumptively fraudulent. *See Studley v. Lefrak,* 66 A.D.2d 208, 412 N.Y.S.2d 901 (2d Dep't), *aff'd,* 48 N.Y.2d 954, 425 N.Y.S.2d 65, 401 N.E.2d 187 (1979); *Southern Industries v. Jeremias,* 66 A.D.2d 178, 185, 411 N.Y.S.2d 945 (2d Dep't 1978).

Karay is an insolvent corporation. The repayment of Karayannides' alleged loans to Karay would be a conveyance made in satisfaction of an antecedent debt, however, the conveyance would not be incurred in good faith in light of Karayannides' role as officer and controlling shareholder of Karay. It is therefore fraudulent against Falck as a judgment creditor.

Nor can Karayannides assert priority as a creditor over Falck's claim as a judgment creditor. Even if Karayannides had a valid claim against Karay that was not fraudulent as against Falck, a director, officer or shareholder of an insolvent corporation cannot be preferred over other general creditors, regardless of actual intent. *See Atlanta Shipping Corp., Inc. v. Chemical Bank,* 631 F.Supp. 335, 346 (S.D.N.Y.1986), *aff'd,* 818 F.2d 240 (2d Cir.1987); *In re Checkmate Stereo and Electronics, Ltd.,* 9 B.R. 585, 617 (Bankr.E.D.N.Y.1981), *aff'd,* 21 B.R. 402 (E.D.N.Y.1982). Karayannides' claim would not obtain priority over Falck's

*Conclusion*

For the reasons set forth above, a hearing will be held at the parties' earliest convenience as to the existence of the signed promissory notes.

It is so ordered.