## CIRCUIT COURT OF FAIRFAX COUNTY

Continental Federal
Savings Bank

v.

Cooper

October 24, 1989

Case No. (Chancery) 111342

By JUDGE JOHANNA L. FITZPATRICK

Plaintiff has moved this Court to compel responses to interrogatories and requests for production. The precise issue to be resolved at this time concerns certain tax returns. Oral argument was initially heard on October 16, 1989, at which time Mr. Cooper's accountant, Mr. Douglass Kidd, sought to quash a subpoena duces tecum for the tax records. I ruled that the Plaintiff's counsel could make copies of the requested tax returns at the accountant's offices. Mr. Cooper quickly filed a motion to reconsider that decision.

A review of the case law reveals that the courts are recognizing a so-called "qualified privilege" when discovery of income tax returns is sought. This approach presents a judicial attempt to balance liberal discovery against the possible chilling effect on full and frank disclosure in income tax returns. *See Eastern Auto Distributors v. Peugeot Motors of America*, 96 F.R.D. 147 (E.D. Va. 1982); *United States v. Bonanno*, 119 F.R.D. 625 (E.D. N.Y. 1988); *Ex Parte Morris*, 530 So. 2d 785 (Ala. 1988); *see also* Note, *Discovery of Federal Income Tax Returns and the New "Qualified" Privileges*, 5 Duke L.J. 938 (1984).

This "qualified privilege" requires a two-step approach, the burden initially being placed on the party seeking disclosure to prove the relevance of the information sought. Once this is shown, the opponent must demonstrate alternative sources where the requested information could be obtained. Of course, the qualified privilege is only triggered when a party seeks disclosure of the *financial information* contained in tax returns, since this strikes at the heart of the balance. *See Houlihan v. Anderson-Stokes, Inc.*, 78 F.R.D. 232, 234 (D. D.C. 1978)

The Plaintiff here seeks to determine the extent of the interests of a certain partnership and one of its partners in the Cooper Condominium Office Building in Vienna, Virginia. It is argued that the tax returns will indicate whether the partnership or its partner claim ownership in this property (perhaps as depreciation deductions or other tax items).

The information sought by Plaintiff is not specifically income data; nevertheless, the analysis should be the same. Accordingly, I hold that the Plaintiff has satisfied its burden of establishing the relevance of the tax returns. Mr. Cooper is hereby given five days from today to suggest other reliable sources which would reflect the requested information. If he is unable to provide such a source within five days, he will have fifteen days thereafter to provide the Plaintiff with copies of the requested tax returns appropriately redacted to reveal only the sections of the returns which could include the information being sought.