**A.F.L. FALCK, S.p.A., Plaintiff,**

v.

**E.A. KARAY COMPANY, INC., Defendant.**

**Application of A.F.L. FALCK, S.p.A., Petitioner,**

**For a Judgment Pursuant to Civ.Prac.L. & R. § 5227 to Compel Payment of Debt Owed to Judgment Debtor**

v.

**James KARAYANNIDES, Respondent.**

**No. 85 Civ. 1998 (RWS).**

United States District Court, S.D. New York.

May 17, 1990.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiff/petitioner; Alan Mansfield, John E. Finnegan, of counsel.

Schwarzfeld, Ganfer & Shore, New York City, for respondent; Graham & James, Lawson F. Bernstein, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff A.F.L. Falck, S.p.A. ("Falck") has moved for reargument of its prior motion for summary judgment granting relief against James Karayannides ("Karayannides") and to compel discovery in this turnover proceeding brought to enforce its rights against alleged debtors to the defendant and judgment debtor E.A. Karay Company, Inc. ("Karay"). For the reasons set forth below, the motion to reargue is granted and upon reargument denied, and the motion to compel discovery granted.

*Prior Proceedings*

Falck commenced this turnover proceeding by filing a verified petition under Civ. Prac.L. & R. 5227 with a supporting affidavit and memorandum of law on May 2, 1989 which was heard on May 19, 1989. The court issued its opinion on August 16, 1989 denying summary judgment and directing a hearing. 722 F.Supp. 12.

Thereafter Karay filed a bankruptcy petition and by an order of Bankruptcy Judge Blackshear filed October 2, 1989, the automatic stay with respect to prosecuting this turnover proceeding was lifted.

On October 13, 1989, Falck moved to restore this proceeding to the court's active calendar and at a conference on November 8, 1989, in anticipation of a motion to reconsider the denial on August 16, 1989 of the summary judgment motion, additional discovery was permitted. After further dis-

covery and adjournments, the instant motion was heard on March 9, 1989.

### The Issue of Material Fact

Karayannides now claims that the 1980 Agreement on which Falck seeks to recover was "cancelled" in early 1983. Paragraph 5 of the 1980 Agreement sets forth a clear and unambiguous term to the effect that Karayannides is bound, as part of the consideration paid for the Steel Fabricators shares, to provide his personal guaranty for the payment of the $331,713.28 purchase price. Karayannides does not dispute this point but contends that the provision was not intended to be effective.

Karayannides alleged in his declaration in opposition to the petition that, "it is my best recollection that I never signed any guarantee of the obligation," and states that an oral agreement was made either prior to or contemporaneously with the execution of the 1980 Agreement which had the effect of removing the term, contained in paragraph 5, which required his execution of the personal guaranty.

In addition, he now asserts that the 1980 Agreement was cancelled in 1983 when he crossed out and wrote "cancelled" across each page of the contract.

Falck seeks to avoid this factual dispute by its claim that Karayannides is judicially estopped from changing his position from that earlier asserted in the course of the initial determination of the summary judgment motion, citing credible authority for that proposition. Falck does concede that the vitality of the doctrine in the Second Circuit has been questioned, *see United States v. Bedford Assoc.*, 713 F.2d 895, 904 (2d Cir.1983), but that it has never been rejected, only carefully applied. In the exercise of that caution the doctrine of judicial estoppel will not be applied at this time without prejudice to Falck's renewal of its argument after the completion of the requested discovery.

As the record now stands, Karayannides has created a factual dispute as to the continued validity of the 1980 agreement on which Falck seeks to recover.

### The Tax Returns and Minutes are Subject to Production

At the deposition Karayannides, acting on the instruction of his counsel, refused to produce tax returns for Metal Industries, refused to produce corporate minute books for Steel Fabricators and Metal Industries and refused to answer questions concerning the settlement of federal payroll tax liabilities of Dewey Oilfield Supply, Inc. ("Dewey Oilfield").

Karayannides now contends for the first time that the 1980 Agreement was cancelled and ownership of the Steel Fabricators shares reverted to E.A. Karay Company. Under federal rules governing pretrial discovery, tax returns are not privileged but, "the production of tax returns should not be ordered unless it appears they are relevant to the subject matter of the action, and that there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y.1979). The relevance and need have been established by Karayannides' recent position taken with respect to cancellation of the Agreement. Metal Industries, however, through its accountant now states that no such returns were filed. Falck is entitled to order authorizing disclosure by the IRS to test this assertion.

The liberal discovery rules called for under Federal Rules of Civil Procedure 26 and 69 also dictate that the corporate minutes of Metal Industries and Steel Fabricators should be produced. Under New York law, a debtor's books and records, including corporate minutes, are discoverable in supplementary proceedings. *See Raji v. Bank Sepah–Iran*, 139 Misc.2d 1026, 529 N.Y.S.2d 420 (Sup.Ct.N.Y.Co. 1988). Corporate minutes may contain representations concerning ownership of corporate stock. The minutes are therefore relevant for the same reasons that the corporate tax returns are relevant.

Even if Steel Fabricators and Metal Industries are third parties with respect to these proceedings, Karayannides controls both entities, and therefore he controls the

production of their documents. Control is determined by the ability of the party to obtain the documents in question. *See Scott v. Arex*, 124 F.R.D. 39, 41 (D.Conn. 1989) ("A party controls the documents that it has the right, authority or ability to obtain upon demand"). Neither the ownership of the documents nor the location of the documents is determinative. *M.L.C., Inc. v. North Am. Philips Corp.*, 109 F.R.D. 134, 136–37 (S.D.N.Y.1986). In the absence of a further showing of inability to produce, Karayannides is directed to have the corporate documents produced.

■ The purpose of the 1980 Agreement was to transfer ownership of the Steel Fabricators shares from E.A. Karay Company to Metal Industries. Steel Fabricators is a holding company for the shares of the operating company Dewey Oilfield. At the November 20, 1989 deposition, Falck inquired about the circumstances surrounding the settlement of federal payroll tax liabilities of Dewey Oilfield, including the testimony and the possibility that Karayannides personally obligated himself in the settlement of these liabilities. Representations on this subject may be probative on the issue of the ownership of the Steel Fabricators shares. Accordingly, Karayannides will be compelled to answer all relevant questions and produce any documents relevant to the settlement of Dewey Oilfield's tax liabilities.

*The Draft Affidavit Submitted for Evangelos Karayannides' Signature Should be Produced*

■ In the answer to the petition and in Karayannides' sworn declaration submitted in opposition to the petition it was asserted that upon the signing of the 1980 Agreement Karayannides agreed with his father, who was then the principal of E.A. Karay, that, notwithstanding unambiguous contract terms, it was unnecessary for Karayannides to guaranty personally the five promissory notes which evidenced the purchase price of the Steel Fabricators shares. Apparently, Evangelos Karayannides is the only person in the world who can confirm or deny whether this conversation dispensing with the personal guaranty ever took place. In September 1989, after the filing of the court's opinion, Karayannides traveled to Greece with a draft affidavit. The draft affidavit discusses the notes as well as the purported cancellation of the 1980 Agreement. Karayannides refused to produce the draft affidavit, claiming the work product privilege.

Although Karayannides testified that he disclosed the contents of the draft affidavit to his father and that his father refused to sign it, it is properly work product in this litigation. Federal Rules of Civil Procedure 26(b)(3), however, provides that disclosure shall be made "upon a showing ... [of] substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Rule 26(b)(3) prevents a party from eluding discovery of issues solely within their control by asserting the work product doctrine while suffering from a pressed lack of recollection. *See Estevez v. Matos*, 125 F.R.D. 28, 32 (S.D.N.Y.1989).

The "substantial need" element of the rule has been met. Only Evangelos Karayannides can confirm or deny whether he and the respondent, Karayannides, agreed to dispense with the personal guarantee called for in the 1980 Agreement, an issue which the draft affidavit addresses. Karayannides claimed that he lacked any recollection of the document's substance beyond the clue concerning the topics addressed in it. Evangelos Karayannides' apparent refusal to sign this affidavit may have probative value with respect to the negative implication of the guaranty provision.

■ Moreover, Evangelos Karayannides now resides permanently in Greece and is therefore unavailable within the meaning of Federal Rule of Evidence 804(a), *i.e.*, his attendance cannot be procured by process or other reasonable means. Unavailability of a witness is a ground for setting aside the work product immunity. *Carter–Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F.Supp. 45, 50–51 (S.D.N.Y.1982) (where corporate executives' asserted self-incrimination privilege information contained in file of internal investigation or-

dered produced); *Hamilton v. Canal Barge Co.*, 395 F.Supp. 975, 976–78 (E.D. La.1974) (witness in Scotland was beyond court's subpoena power).

Falck has met the criteria for an exception to the work product rule because the need for these materials is manifest and no equivalent can be obtained.

*Conclusion*

The motion for summary judgment is denied upon reargument, and the motion to compel further discovery is granted. Discovery will be completed within forty-five (45) days and a hearing will be held as soon thereafter as is convenient for the court and the parties.

It is so ordered.