Marvin **MELENDEZ**, et al., Plaintiff(s),

v.

**PRIMAVERA MEATS, INC.,**
**et al., defendant(s).**

No. CV 10–1475(ADS)(WDW).

United States District Court,
E.D. New York.

Oct. 27, 2010.

Marijana F. Matura, Troy L. Kessler, Shulman Kessler LLP, Melville, NY, for Plaintiff(s).

Thomas J. Stock, Stock & Carr, Esqs., Mineola, NY, for defendant(s).

## ORDER

WALL, United States Magistrate Judge:

Before the court is plaintiffs' motion for a protective order barring defendants from obtaining their income tax returns. *See* Docket Entry ("DE") [9]. Defendants have opposed the motion. DE [10]. For the reasons set forth herein, the motion is granted.

Plaintiffs Martin Malendez, Jose Bermudez, and Lorenzo Quintanilla ("plaintiffs") bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York State Labor Law against defendants Primavera Meats, Inc., Thomas Primavera, and Christopher Primavera ("defendants"). Plaintiffs claim that while employed by the defendants, they were not paid in accordance with the federal minimum wage and that, although they worked over 40 hours per week, they did not receive the required overtime wages. The defendants deny they ever employed the plaintiffs, and that even if they did, plaintiffs could not have worked over 40 hours per week because they were at the same time employed elsewhere.

Defendants have served a discovery demand seeking production of federal and state income tax returns for various time periods for each plaintiff. Plaintiffs seek a protective order arguing that the tax returns are not relevant and that the requests are improper attempts to ascertain the immigration status of each plaintiff. Defendants respond that they are uninterested in the immigration question, but seek the information to determine the identity of plaintiffs' employers.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R.Civ.P. 26(b)(1). However, Rule 26(c) states that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). "[T]he burden is upon the party seeking non-disclosure or a protective order to show good cause." *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) (citations omitted). "Under Rule 26(c), the trial court has 'broad discretion ... to decide when a protective order is appropriate and what degree of protection is required.'" *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72 (S.D.N.Y.2010) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

Although income tax returns are not inherently privileged, "courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Carmody v. Village of Rockville Centre*, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (quoting *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y.1979)). In determining whether to compel discovery of tax returns, the court applies a two prong test: "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 149 (E.D.N.Y.2008) (citations omitted). The modern trend places the burden on the party seeking the discovery to establish both prongs of this test. *See Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 212, 2010 WL 3700239, at *4 (E.D.N.Y. Sept.20, 2010); *see also Carmody*, 2007 WL 2042807, at *2.

As the party seeking discovery in this case, the defendants first bear the burden of showing the relevance of the tax returns to the instant action. Defendants argue that the tax returns are relevant since they will identify other employers of the plaintiffs. As defendants apparently claim that they never employed these plaintiffs, they further argue that the tax returns are "relevant as to how much the plaintiffs were paid by these defendants, if they were paid by these defendants at all." Defs.' ltr at 1. Plaintiffs respond that the tax returns are irrelevant because even if they reflect the existence of other employers, the returns would not indicate how many hours plaintiffs worked for a particular employer.

■ Even assuming, *arguendo*, that the tax returns are relevant, defendants must also establish the second prong of the test—that they have a compelling need for these items because the information is not readily obtainable from a less intrusive source. *Sadofsky*, 252 F.R.D. at 150 (citations omitted). Defendants offer only a conclusory statement that "there is no other means by which the defendants in this case can establish that someone other than themselves were the plaintiffs' employer" and a rhetorical question posed to plaintiff's counsel as to what less intrusive methods might exist. Defendants have singularly failed to establish that the information sought cannot be obtained from a less intrusive source and thus have not met their burden.

As to defendants' argument regarding the amounts paid by them to the plaintiffs, their own records should reflect this information. Interrogatories, demands for non-tax return documents, and/or inquiries during depositions are discovery devices that apparently have not yet been utilized by defendants. The same devices can be used to obtain discovery regarding any other entities that may have employed the plaintiffs during the relevant time periods. Defendants could, for example, pose interrogatories to determine plaintiffs' employment history during the relevant time period or question plaintiffs during depositions concerning the number of hours they worked. *Carmody*, 2007 WL 2042807, at *3 (citing *Sabatelli v. Allied Interstate, Inc.*, 2006 WL 2620385, at *1 (E.D.N.Y. Sept.13 2006)). Here, there is no representation from defendants that they have attempted to retrieve the information sought from plaintiff's through discovery of other documentary evidence such as financial records, or "through the use of any other, less intrusive, discovery device." *Carmody*, 2007 WL 2042807, at *3.

For the foregoing reasons, plaintiffs' motion for a protective order is granted. This ruling may be re-visited upon motion by the defendants, provided they can demonstrate that they have unsuccessfully attempted to obtain the information by other methods.

**SO ORDERED.**