**METREX RESEARCH CORPORATION, Plaintiff,**

v.

**UNITED STATES of America and Carol M. Browner, Administrator, Environmental Protection Agency, Defendants.**

Civ. A. No. 92–B–922.

United States District Court, D. Colorado.

Sept. 15, 1993.

---

David G. Palmer, Gregory J. Kerwin, JoAnn Grogg, Gibson, Dunn & Crutcher, Denver, CO, James M. Picozzi, Howard F. Harrison, Nossaman, Guthner, Knox & Elliott, Irvine, CA, for plaintiff.

Brud R. Rossmann, U.S. Dept. of Justice, Environmental Defense Section, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on Defendants' motion for a protective order. The Court has reviewed the pleadings, and concluded that oral argument is unnecessary.

This matter arises from the alleged failure of five liquid chemical germicides (liquids) manufactured by Plaintiff to sterilize when used according to their label directions. The remaining count in Plaintiff's First Amended Complaint alleges that the United States Environmental Protection Agency (EPA) acted unlawfully in publishing certain test results of the liquids. Plaintiff's cause of action arises under the Administrative Procedure Act (APA), 5 U.S.C. §§ 704 and 706. Defendants have filed this motion for a protective order, seeking to prohibit any discovery by Plaintiff. Alternatively, they seek an order limiting discovery and requiring that depositions be noticed for a location close to the residence of the proposed deponents.

■ In a challenge to agency action under APA §§ 704 and 706, the court's review generally is confined to the administrative record compiled by the agency. *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973); *National Org. for Women, Washington D.C. Chapter v. Social Security Admin.*, 736 F.2d 727, 737 (D.C.Cir. 1984), The reviewing court is not empowered to make a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985). In keeping with this general rule, discovery usually is not permitted prior to a court's review of the agency action. *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 751 F.2d 1287, 1324 (D.C.Cir.1984), *cert. denied*, 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986); *Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 834–42 (D.C.Cir.1976).

■ There are, however, exceptions to the general rule barring supplementation of the administrative record. Such exceptions include: 1) that the agency action is not adequately explained and cannot be reviewed properly without considering extra-record materials, *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); 2) that the agency considered factors that were left out of the formal record; *See Environmental Defense Fund, Inc. v. Blum*, 458 F.Supp. 650, 661 (D.D.C.1978); 3) that the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues, *See Bunker*

*Hill Co. v. EPA,* 572 F.2d 1286, 1292 (9th Cir.1977); 4) that evidence coming into existence after the agency acted demonstrates that the actions were right or wrong, *See American Petroleum Institute v. EPA,* 540 F.2d 1023, 1034 (10th Cir.1976), *cert. denied,* 430 U.S. 922, 97 S.Ct. 1340, 51 L.Ed.2d 601 (1977); and 5) that the agency acted in bad faith. *Public Power Council v. Johnson,* 674 F.2d 791, 794 (9th Cir.1982).

At issue in this case is the test required by EPA to validate a product's sterilization claims prior to marketing. That test is known as the Association of Analytical Chemists (AOAC) Sporicidal Test. The AOAC Test is relatively controversial. It appears that much of the medical and scientific communities believes that the test gives false positives a high percentage of the time. In fact, EPA has commissioned the University of Ottawa to design a test protocol to replace the AOAC Test. *See Federal Register,* Vol. 55, No. 235, Thursday, December 6, 1990—"Notices: EPA Request for Proposals: Research and Development on Antimicrobial Test Methodology and Statistical Support on Experimental Design and Data Analysis." Plaintiff claims that the AOAC Test and the laboratory procedures used to test its products were flawed, and that the resulting data, therefore, is invalid.

■ It appears that this is one of those cases in which supplementation of the record through discovery is necessary to permit explanation or clarification of technical terms or subject matter involved in the agency action under review. It is permissible for a court to go outside the administrative record to consider evidence for background information. *See Bunker Hill,* 572 F.2d at 1292. Courts have approved "contemporaneous construction" discovery to assist in reviewing agency actions. *See, e.g., Tenneco Oil Co. v. Dep't of Energy,* 475 F.Supp. 299, 318 (D.Del. 1979). If Plaintiff is unable to obtain the discovery it seeks as to laboratory practice and the problems inherent in the AOAC Test, it will be utterly unable to challenge the EPA's actions. The Court cannot simply accept EPA's assertions that its methodology is adequate without any additional information.

In addition, discovery is appropriate here because of the likelihood that new evidence has come into existence after the agency action. The Court has preliminarily enjoined the EPA action, pending final determination at trial. At trial, the Court will determine, not just whether the EPA action was appropriate in 1992, but whether it would be appropriate to publish data regarding the liquids in 1994. Any new knowledge about testing, therefore, will be relevant.

EPA argues that discovery regarding the reliability of the AOAC Testing is irrelevant because the Court already has ruled that it "would not consider evidence of the reliability of the general testing method used by EPA." It is true that the Court has stated that it will not enjoin EPA from using the AOAC Test. It has not stated, however, that it will not consider *any* evidence regarding the problems inherent in the Test. Rather, the Court noted that the nature of the test is relevant to a finding as to the "viability or validity of the. test results of the batches tested on April the 1st, 1991." (*See* Transcript of Hearing, June 18, 1992, Exhibit F to Plaintiff's Opposition). The discovery Plaintiff seeks, therefore, is relevant.

■ Defendant also claims that Plaintiff may not depose employees of the Food and Drug Administration (FDA) without first obtaining the approval of the FDA Commissioner, citing 21 C.F.R. § 20.1. Defendant is mistaken. 21 C.F.R. § 20.1 is a regulation promulgated by FDA for its own benefit. It does not supersede the Federal Rules of Civil Procedure. When discovery of FDA personnel is relevant in civil litigation, it can be ordered despite the regulation. *See, e.g., In re: Bioscience Securities Litigation,* 150 F.R.D. 80, 81 (E.D.Pa.1993).

■ Defendant seeks to prohibit the depositions of Dr. Syed Sattar and Ms. Susan Springthorpe, who have been conducting research into sporicidal testing under EPA contract at the University of Ottawa. Defendant claims that these individuals are not employees of the United States, and, therefore, the United States cannot be responsible for their attendance at a deposition. Defendant, however, previously has maintained that Plaintiff could not contact these individ-

uals because they are EPA agents working under EPA contract and could only be approached through EPA counsel. Under the circumstances, Defendant should be estopped from now claiming that Dr. Sattar and Ms. Springthorpe are not EPA employees.

■ Finally, Defendant argues that 11 of Plaintiff's 14 deposition notices require extensive travel by the proposed deponents, and that such travel will result in undue burden and expense. In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party. *General Leasing Co. v. Lawrence PhotoGraphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D.Mo.1979) (citations omitted). *See also Moore v. Pyrotech Corp.*, 137 F.R.D. 356 (D.Kan.1991). No exceptional or unusual circumstances are present here. In fact, it appears that Plaintiff is relying, at least in part, on a prejudgment of the merits of the case as grounds for opposing this portion of Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's motion for a protective order precluding all discovery is denied; and

IT IS FURTHER ORDERED that Defendant's motion for a protective order is granted only to the extent that any depositions shall be noticed for a location close to the residence of the proposed deponents.