**AMERICAN MAPLAN CORPORATION, Plaintiff,**

v.

**Peter HEILMAYR, Defendant.**

**No. 00–2512–JWL.**

United States District Court, D. Kansas.

Sept. 19, 2001.

Randall E. Hendricks, Matthew T. Geiger, Rouse Hendricks German May PC, Kansas City, MO, for plaintiff.

G. Gordon Atcheson, Blake & Uhlig, P.A., Kansas City, KS, Rod Tanner, Rod Tanner & Associates, P.C., Fort Worth, TX, for defendant.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

Defendant Peter Heilmayr is the former president of plaintiff American Maplan Corporation ("AMC"), a company engaged in the business of manufacturing and selling equipment and parts used in the business of plastic extrusion. Defendant currently is the president of Vinyl Extrusion Technologies, Inc. ("VET"), a company founded by defendant and also engaged in the business of manufacturing and selling equipment and parts used in the business of plastic extrusion. AMC seeks damages and equitable relief from defendant based upon defendant's alleged violation of a covenant not to compete, his alleged violation of a non-disclosure covenant and his alleged wrongful solicitation and diversion of AMC's customers.

This matter is presently before the court on defendant's objections to the order of Magistrate Judge Waxse granting plaintiff's motion to compel discovery (doc. # 48). Specifically, defendant objects to the order to the extent it requires him to produce corporate books, records and other documents of VET and to the extent it requires him to produce personal financial information including bank statements, check registers and tax returns. The court treats defendant's objections to the order as a motion to review that order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). For the reasons set forth below, defendant's motion is granted in part and denied in part.

*Standard of Review*

■ With respect to a magistrate judge's orders relating to non-dispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir.1997); *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1462 (10th Cir.1988). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil,* 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

*VET Documents*

Pursuant to Federal Rule of Civil Procedure 34, plaintiff requested defendant to produce various documents of VET, a Texas corporation that is not a party to this suit. Judge Waxse ordered defendant to produce the information. According to defendant, that order is clearly erroneous and contrary to law as he cannot be required to produce corporate documents in a suit brought against him personally even though he is the president and a minority shareholder of VET. Specifically, defendant challenges Judge Waxse's order because it ignores the basic principles of corporate law recognizing the corporation as a separate and distinct legal entity; because it requires the production of documents that defendant has the "practical ability" to obtain-a standard that conflicts with Federal Rule of Civil Procedure 45 and that is unsupported by law; and because Texas corporation law limits the right of access that officers and shareholders have to corporate books and records.

■ Under Federal Rule of Civil Procedure 34, any party may serve on any other party a request to produce documents "which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34. The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party if the party has "actual possession, custody or control of the materials or has the legal right to obtain the documents on demand." *See National Fire Ins. Co. v. Midland Bancor Inc.,* 159 F.R.D. 562, 566 (D.Kan.1994). As it is undisputed that defendant does not have actual possession of

the VET documents, he can be required to produce only those documents that he has "legal right" to obtain on demand.

■ The court agrees with defendant that Judge Waxse's order disregards VET's corporate form and its existence as a distinct legal entity. As defendant correctly highlights, the order effectively ignores the distinction between a corporation, on the one hand, and its officers and shareholders, on the other hand. *See Sipma v. Massachusetts Casualty Ins. Co.*, 256 F.3d 1006, 1010 (10th Cir.2001) (under common law generally, "a corporation is treated as a legal entity separate from its shareholders") (citing James D. Cox, et al., *Corporations* § 1.2, at 2 (1997) ("A business corporation is ... a legal unit with a status or capacity of its own separate from the other shareholders or members who own it."); Harry G. Henn & John R. Alexander, *Laws of Corporations,* § 68, at 125 (3d ed.1983) (same)). VET is not a sole proprietorship and AMC has not alleged that defendant is the "alter ego" of VET. There is simply no evidence or allegation that defendant and VET are essentially one and the same. AMC's response to defendant's motion does not address this argument in any way whatsoever. In sum, then, AMC cannot properly seek to obtain from one entity or individual what belongs to another.[1]

■ Defendant is also correct that Judge Waxse's order contemplates the production of documents that a party "has the practical ability to obtain from another, irrespective of legal entitlement to the documents." This approach is not supported by law and, in fact, conflicts with Federal Rule of Civil Procedure 45. Under Rule 45, a party can seek to obtain documents from nonparties-a device that AMC has apparently already attempted to utilize in connection with the VET documents. Rule 45 requires that a subpoena issue from the court for the district in which the nonparty may be found and that court must resolve any disputes over production

arising between the party seeking the documents and the nonparty being subpoenaed. *See* Fed.R.Civ.P. 45(c)(2)(B). Rule 45 specifically confers jurisdiction on the court issuing the subpoena and that court alone. A "practical ability" test, then, would shift any dispute about a nonparty's documents from the district in which the corporation may be found to the district where the suit is pending. Any corporation wishing to challenge the discovery would then be forced to intervene in the underlying action and litigate its position in a distant forum-a result that Rule 45 was intended to prevent. In response, AMC argues only that Rule 45 "bears no relevance to a discovery dispute between parties." While that is certainly true, VET is not a party to this dispute. Obviously recognizing as much, AMC has already had a Rule 45 subpoena issued to VET by the United States District Court for the Northern District of Texas. Rule 45 is the proper vehicle through which AMC may obtain the VET documents.

*Personal Financial Data*

■ Through its discovery requests, AMC sought various financial data from defendant, including defendant's bank statements, check registers, tax returns, W–2 and 1099 forms, and other documents reflecting compensation earned by defendant. Judge Waxse ordered defendant to produce the information and defendant now asserts that Judge Waxse's ruling is clearly erroneous. Specifically, defendant argues that his bank statements and check registers are simply not relevant and would show nothing more than how defendant spends his money. With respect to his tax returns, W–2 and 1099 forms, and other documents reflecting compensation earned, defendant maintains that such discovery should be deferred until after a jury finds that defendant is liable for punitive damages. *See* K.S.A. § 60–3702(a) (determinations of liability for punitive damages and the actual

---

1. Indeed, the Texas statutes relied upon by defendant in his motion support the same conclusion. Those statutes dictate that a corporate officer can examine the books and records of the corporation only for purposes reasonably related to the officer's service as a corporate officer and that a shareholder can examine such books and records only for purposes relating to the protection of his or her interest as a shareholder. *See* V.A.T.S. Bus. Corp. Act, Art. § 2.44. In other words, neither an officer nor a shareholder has an unfettered legal right to inspect, copy or obtain the corporation's books and records.

amount of those damages are bifurcated); *see also Ensminger v. Terminix Int'l Co.,* 102 F.3d 1571, 1576 (10th Cir.1996) (federal district court sitting in diversity properly applied forum state's law governing punitive damages).

The court begins with defendant's arguments concerning the discovery of his bank statements and check registers. According to plaintiff, such information is critical and highly relevant because it would show whether VET paid compensation to defendant during the term of his employment agreement with AMC and whether VET paid excessive compensation to defendant at the beginning of his employment, thus suggesting that defendant performed services for VET prior to his "official" start date with VET. Of course, if this is the specific purpose for AMC's requests, then its discovery requests are much broader than necessary to accomplish that purpose. Because defendant has not shown that particular checks or statements evidencing payments by VET or its officers to defendant are irrelevant, the court overrules defendant's objections to Judge Waxse's order to the extent that order compels defendant to produce any checks, bank statements or the like evidencing payments made to defendant by VET or its officers, directors or agents. If AMC has a good faith basis for believing that defendant has not produced such information and that such information exists, then AMC can ask the court to review defendant's bank statements and check registers in camera.

■ In response to defendant's arguments concerning the deferral of discovery of information relating to punitive damages (*i.e.,* defendant's tax returns and W–2 and 1099 forms), plaintiff contends that courts in this district have routinely permitted the pretrial discovery of such financial information for the purpose of establishing a claim for punitive damages. While other judges in the district may permit pretrial discovery of such information, this court's practice is to defer until after trial on liability the discovery of financial data relating to punitive damages when the issue of the amount of punitive damages is bifurcated from the issue of liability for such damages, as where the claim is made under the law of Kansas. Significantly, this court believes that a plaintiff's interest in proving the defendant's financial status must be balanced against the defendant's right to privacy and general desire not to divulge his or her financial status, particularly when the defendant is an individual and particularly because plausible claims for punitive damages can easily be made in many actions. For this reason, the court grants defendant's motion with respect to the discovery of his tax returns, W–2 and 1099 forms, and other documents reflecting compensation earned. Discovery of such information will become necessary only in the event a jury finds defendant liable to plaintiff for punitive damages. In that event, plaintiff will be afforded an opportunity to engage in follow up discovery in connection with the separate proceedings at which the court would determine the amount of punitive damages, if any, to be awarded. *See* K.S.A. § 60–3702(a) (if trier of fact determines that punitive damages shall be allowed, a separate proceeding shall be conducted by the court to determine the amount of such damages to be awarded).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to review Magistrate Judge Waxse's order compelling discovery (doc. # 48) is **granted in part and denied in part.**