**FAISILI HALECK, RAYMOND M. McMOORE and SESE McMOORE, on behalf of themselves and as shareholders of TRT, INC., Plaintiffs,**

**v.**

**TRT, INC., AMERICAN SAMOA 2000, INC., AGAOLEATU C. TAUTOLO, AGAESE ACE TAGO, MURRAY R. DRAKE, RAYMIE P. SNOW, and DOES I-XX, Defendants.**

High Court of American Samoa
Trial Division

CA No. 20-02

September 23, 2003

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima and David Wagner
For Defendants Agaoleatu C. Tautolo, Agaese Ace Tago, Murray P. Drake, and Raymie P. Snow, Devin McRae and William H. Reardon
For Defendants TRT, Inc. and American Samoa 2000, Inc., Marshall Ashley and Frederick J. O'Brien

ORDER GRANTING MOTION FOR PROTECTIVE ORDER
AND GRANTING IN PART AND DENYING IN PART
MOTION TO COMPEL PRODUCTION

Defendant Murray P. Drake ("Drake") moves, pursuant to T.C.R.C.P. 26(c), for a protective order requiring his deposition be held in Apia, Samoa. By separate motion, Plaintiffs move for an order compelling the production of documents and records and for an award of sanctions. In response, Defendants request an award of expenses for responding to Plaintiffs' motion to compel. For the reasons stated below, we grant Drake's motion for a protective order, grant in part and deny in part Plaintiffs' motion to compel production, and deny both parties' requests for an award of expenses.

## Discussion

A. Drake's Motion for a Protective Order

Plaintiffs noticed Drake's deposition to take place in Nu`uuli, American Samoa. However, Drake lives and works in Apia, Samoa. Accordingly, Drake seeks a protective order pursuant to T.C.R.C.P. 26(c) requiring his deposition take place in Apia, Samoa.

 "[T]he examining party may set the deposition of a party at any place which he desires, subject to the power of the court to grant a protective order if deemed necessary." *Beaver v. Cravens*, 24 A.S.R.2d 115, 116 (Trial Div. 1993). The court may issue a protective order

166

designating the location for the deposition to protect the party seeking the order from "undue burden or expense" upon a showing of good cause. T.C.R.C.P. 26(c). A presumption exists that the non-resident defendant will be examined at his place of residence. *See* 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 26.105[3][b] (3d ed. 1999); *see also Farguhar v. Sheldon*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (noting that "a party seeking discovery must go where the desired witnesses are normally located").

> In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party.

*Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993). Plaintiffs have offered no "exceptional" or "unusual" circumstances which would cause us to depart from the normal rule requiring the defendant be deposed in the place in which he resides. As such, if Plaintiffs want to depose Drake, the deposition shall take place in Apia, Samoa.

## B. Plaintiffs' Motion to Compel Production of Documents

On July 22, 2003, Plaintiffs served various discovery requests for the production of documents on defendants, and on July 24, 2003, Plaintiffs served a supplemental request on defendants. Defendants responded to these requests on August 12, 2003. Plaintiffs, arguing that Defendants' response to their requests was insufficient, move to compel discovery and for an award of sanctions.[1]

### 1. Relevancy

"Relevancy is a liberal process." *Johnson v. Coulter*, 25 A.S.R.2d 84, 87

---

[1] Defendants argue that Plaintiffs failed to meet and confer before bringing their motion to compel discovery. Unlike the Federal Rules of Civil Procedure, the Trial Court Rules of Civil Procedure do not explicitly require the parties meet and confer prior to bringing discovery motions. *Compare* Fed. R. Civ. P. 37(a)(2)(A) *with* T.C.R.C.P. 37. However, as both parties note, the High Court seeks to conform to the Federal Rules of Civil Procedure. *See* A.S.C.A. § 43.0201(a). Obviously, the meet and confer requirement forces the parties to discuss and possibly resolve the disputed issue before running into court to seek relief. While we will not deny Plaintiffs relief for their failure to meet and confer prior to bringing the instant motion, we suggest they make use of this procedure before bringing future discovery motions.

(Trial Div. 1993). According to Rule 26(b):

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the information sought will be in adimissble [sic] at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

T.C.R.C.P. 26(b)(1). Defendants argue that Plaintiffs' requests are not reasonably calculated to lead to the discovery of admissible evidence. We disagree.

■ Plaintiffs request the tax returns and financial information of Defendant Agaoleatu Charlie Tautolo ("Agaoleatu"). Plaintiffs argue this information may demonstrate how Agaoleatu managed to acquire funds in order to make various payments at issue in this action. This sort of information is relevant to Plaintiffs' breach of fiduciary duty claim.

Plaintiffs also request documents from Agaoleatu relating to three other enterprises allegedly controlled by Agaoleatu. Specifically, Plaintiffs request documents from Agaoleatu relating to Kent Samoa, Inc. ("Kent"), A.C.T., Inc. ("ACT") and ARC Construction Inc. ("ARC"). Several of the requests seek information about alleged transactions between these entities and Agaoleatu, TRT, Inc. ("TRT") or American Samoa 2000, Inc. ("AS2000"). Plaintiffs argue this information is also relevant to determine the nature of Agaoleatu's investments. As such, this information is also relevant to Plaintiffs' breach of fiduciary duty claim.

■ Accordingly, we find that Plaintiffs' requests are reasonably calculated to lead to the discovery of admissible evidence. However, we also note that several of Plaintiffs' requests are overbroad in that they do not specify a time limitation. To the extent Plaintiffs' requests are lacking a time limitation, information from 1998-2003 is responsive to Plaintiffs' requests. We now turn to Defendants' other objections.

*2. Nonparty Corporations*

In Requests 1, 2, 3, 4, and 8, Plaintiffs request documents from Agaoleatu which relate to nonparties Kent, ACT, and ARC. Defendants argue that Plaintiffs may not use T.C.R.C.P. 34 to discover information from nonparties.

■ Requests for production under Rule 34 may only be directed to the parties to the action. T.C.R.C.P. 34(a). However, the requesting party may seek the production of documents or things "which are in the

possession, custody or control of the party." *Id.*; *see also Johnson*, 25 A.S.R.2d at 85. Control includes both the actual possession of the requested material or the legal right to obtain the materials. *See* 7 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 34.14[2][b] (3d ed. 1999). "The term 'control' is broadly construed." *Id.* The party seeking production bears the burden of establishing control of the requested materials. *Id.* Accordingly, any documents that are in the actual physical possession of Agaoleatu or under his control are subject to discovery.

■ "An individual party to a lawsuit can be compelled to produce relevant information and documents relating to a non-party corporation of which it is an officer, director, or shareholder." *Gen. Envtl. Sci. Corp. v. Horsfall*, 136 F.R.D. 130, 133 (N.D. Ohio 1991); *see also A.F.L. v. Falck, S.P.A. v. E.A. Karay Co.*, 131 F.R.D. 46, 48-49 (S.D.N.Y. 1990) (compelling individual respondent to produce the corporate documents of two nonparty corporations because he had control over the corporate entities).

■ In this case, Plaintiffs assert that Agaoleatu has control over the documents requested from ARC, Kent, and ACT. Plaintiffs direct us to the deposition testimony of Reynaldo Millari and Malaetino Leo, claiming this testimony demonstrates that Agaoleatu has control over these entities. A review of the deposition testimony indicates that Agaoleatu serves on the Board of ARC, was one of the incorporators of ARC, is a 33% shareholder of ARC, and President of ARC. As such, Plaintiffs have sufficiently demonstrated that Agaoleatu has control over the ARC documents.[2] However, Plaintiffs fail to show that Agaoleatu controls Kent or ACT. In fact, deposition testimony indicates that Agaoleatu has "some interest" in ACT and "manages" Kent. This is insufficient to establish that Agaoleatu has control over the Kent or ACT documents.

*3. Tax Returns and Financial Information*

In Requests 5-7, Plaintiffs request tax and financial information from Agaoleatu. Agaoleatu argues that his financial information is not discoverable absent special circumstances and that his tax returns are not

---

[2] Defendants cite *American Maplan Corporation v. Heilmayr*, 203 F.R.D. 499 (D. Kan. 2001), for the proposition that a party may not be compelled to produce documents of a corporate nonparty. In that case the defendant did not have a legal right to the documents because there was insufficient evidence to show he was "one and the same" with the nonparty corporate entity. *Id.* at 502. We find that there is sufficient evidence in this case to demonstrate that Agoleatu has a legal right to the ARC materials.

discoverable because they are confidential.

First, when financial information is relevant to the subject matter at issue it is discoverable. *See generally* 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 26.41[3][a] (3d ed. 1999). Since we find that the financial information requested by plaintiffs is relevant (*see* discussion *supra*), it is discoverable.

Second, "[w]hile tax returns are not privileged, courts have been reluctant to order their routine disclosure as part of discovery." *S.E.C. v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y. 1985). Courts often perform a two-prong test prior to ordering the disclosure of tax returns. "[F]irst, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id.* As indicated in our discussion above, we find that Agaoleatu's tax returns are relevant. "[O]nce relevance has been established, the party resisting discovery bears the burden of proving that alternative sources would provide the required information." *Carnegie Hill Fin. Inc. v. Krieger*, Nos. 99-CV-2592 and 99-CV-5511, 2001 WL 869594, at *1 (E.D. Pa. July 30, 2001). Although Agaoleatu argues that this information is readily available elsewhere, he fails to point to any specific document in which Plaintiffs could discover this information. As such, Agaoleatu's tax returns are discoverable.[3]

*4. Sanctions*

Plaintiffs request sanctions with respect to their motion to compel. Defendants seek attorney's fees and costs for responding to Plaintiffs' motion. According to Rule 37(a)(4), if the moving party's motion is granted, the court may "require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses." T.C.R.C.P. 37(a)(4); *see also Johnson,* 25 A.S.R.2d at 88. Likewise, if the moving party's motion is denied, expenses and attorney's fees in opposing the motion may be awarded to the non-moving party. *Id.*

In this case, we find an award of expenses to either side to be

---

[3] Plaintiffs also request cancelled checks and tax filings from Kent, ACT and ARC that show funds transferred to Agaoleatu in 1998-2003. Defendants argue that Kent, ACT, and ARC's tax returns and financial records are confidential and, therefore, not discoverable by Plaintiffs. We disagree. To the extent Agaoleatu has actual possession of this information, he shall produce it. Moreover, because we find that Agaoleatu has control over ARC's documents, these documents should also be produced.

inappropriate. *See, e.g., Johnson*, 25 A.S.R.2d at 88. Plaintiffs are not entitled to expenses because Defendants acted in good faith in responding to Plaintiffs' requests. Defendants are not entitled to expenses because Plaintiffs' motion to compel has merit.

## Order

1. Defendant Drake's motion for a protective order is granted.

2. Plaintiffs' motion to compel discovery is granted in part and denied in part. Defendant Agaoleatu is ordered to produce documents from 1998-2003 that are responsive to Requests 1-8 and are in his actual possession. Agaoleatu is further ordered to produce documents from 1998-2003 that are responsive to Requests 1-4 and are related to ARC Construction, Inc. Plaintiffs' motion to compel discovery from Agaoleatu relating to Kent Samoa, Inc. and A.C.T. Inc. is denied.

3. Plaintiffs' request for sanctions is denied. Defendants' request for expenses is denied.

It is so ordered.