IN THE SUPREME COURT OF TEXAS








IN 
THE SUPREME COURT OF TEXAS
 


No. 
02-0375

 
 
In Re  Hal G. Kuntz
 
 


On Petition for Writ of 
Mandamus

 
Argued on September 10, 2003
 
Justice Smith delivered the opinion of 
the Court, in which Chief Justice 
Phillips, Justice Hecht, Justice 
Owen, Justice Jefferson, Justice Schneider, Justice Wainwright, and Justice Brister joined.
 
Justice Hecht filed a concurring 
opinion, in which Justice Owen, Justice 
Schneider, and JUSTICE WAINWRIGHT joined.
 
Justice Wainwright filed a concurring 
opinion.
 
Justice O=Neill concurred in the judgment 
only.
 
 


In 
this mandamus proceeding, we decide a question of first impression regarding the 
proper interpretation and application under the Texas Rules of Civil Procedure 
of the phrase Apossession, 
custody, or control.@  See Tex. R. Civ. P. 192.3(b), 
192.7(b).  The respondent trial 
court, in an action filed against relator Hal Kuntz in his individual capacity, 
ordered Kuntz to produce documents that he had access to at his place of 
employment.  It was undisputed that 
Kuntz=s 
employer had actual physical possession of the relevant documents, that the 
documents were owned by a client of Kuntz=s 
employer, and that the client claimed the documents contained its privileged 
trade secrets.  In this Court, Kuntz 
asserts that his mere ability to access the documents does not constitute 
possession, custody, or control.  We 
agree and, accordingly, conditionally grant the requested writ.
I
The 
Court has jurisdiction over this original proceeding under Article 5, Section 3 
of the Texas Constitution and Section 22.002(a) of the Government Code.  Mandamus is an extraordinary remedy, 
available only when a trial court clearly abuses its discretion and when there 
is no adequate remedy on appeal.  
In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998); Walker 
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).
A 
trial court=s 
determination of a factual issue is entitled to deference in a mandamus 
proceeding and should not be set aside unless it is clear from the record that 
only one decision could have been reached.  
GTE Communications v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993); 
Walker, 827 S.W.2d at 839‑40.  
In contrast, a trial court has no discretion in determining what the law 
is or applying the law to the facts.  
Therefore, a failure by the trial court to analyze or apply the law 
correctly, as when a discovery order conflicts with the Texas Rules of Civil 
Procedure, constitutes an abuse of discretion.  Walker, 827 S.W.2d at 840; 
Lindsey v. O=Neill, 
689 S.W.2d 400, 402 (Tex. 1985).  A 
party will not have an adequate remedy by appeal when the appellate court would 
not be able to cure the trial court=s 
discovery error.  In re Colonial 
Pipeline Co., 968 S.W.2d 938, 942-43 (Tex. 1998); Walker, 827 S.W.2d 
at 843.
II


Texas 
Rule of Civil Procedure 192.3 is entitled AScope 
of Discovery.@  Rule 192.3(a) provides: AIn 
general, a party may obtain discovery regarding any matter that is not 
privileged and is relevant to the subject matter of the pending action . . . 
.@ Tex. R. Civ. P. 192.3(a).  Rule 192.3(b) provides:


A 
party may obtain discovery of the existence, description, nature, custody, 
condition, location, and contents of documents and tangible things . . . that 
constitute or contain matters relevant to the subject matter of the action.  A person is required to produce a 
document or tangible thing that is within the person=s 
possession, custody, or control.

 
Tex. R. Civ. P. 192.3(b).
Texas 
Rule of Civil Procedure 192.7(b) sets forth the following definition: APossession, 
custody, or control of an item means that the person either has physical 
possession of the item or has a right to possession of the item that is equal or 
superior to the person who has physical possession of the item.@ 
Tex. R. Civ. P. 192.7(b) 
(emphasis in original); see also GTE Communications, 856 S.W.2d at 729 
(AThe 
right to obtain possession is a legal right based upon the relationship between 
the party from whom a document is sought and the person who has actual 
possession of it.@).
Under 
Texas Rule of Civil Procedure 196.1, a party may request that another party to 
the pending action produce a document or tangible thing.  Texas Rule of Civil Procedure 205 
governs discovery from nonparties, including a request for production of a 
document or tangible thing.
III
The 
live pleading in the underlying suit, Vesta Kuntz=s 
Sixth Amended Petition to Enforce Division of Agreement Incident to Divorce, For 
Declaratory Judgment or, Alternatively to Clarify or Reform Agreement, 
states:
 


Parties, Jurisdiction and Venue


 
2. 
Vesta L. Kuntz, Movant, is an individual residing in Harris County, 
Texas.


 


3. 
Hal G. Kuntz, Respondent, is an individual residing in Harris County, 
Texas.  His counsel is being 
furnished a copy of this pleading.
 
4. 
This Court has subject matter jurisdiction over this proceeding pursuant to ‘ 7.001 et seq. and ‘ 9.001 et seq. of the Texas 
Family Code.
 

Factual Background


 
5. 
On October 7, 1983 the parties were married.  On June 30, 1999 the parties were 
divorced.  The Court approved an 
Agreement Incident to Divorce (AAID@) 
as a just and right division of the parties= 
property.  A true copy of the AID is 
attached as Exhibit AA.@  Paragraph 5.4 of the AID under the 
subheading AFuture 
MOXY Royalty@ 
provides as follows:
 


Husband 
by virtue of employment or as a partner of CLK may earn additional interests in 
oil and gas leases and properties which Husband may acquire by assignment from 
McMoRan Offshore Exploration Co. (AMOXY@) 
or its successors or predecessors in the future.  All such interests which have not been 
assigned by MOXY shall be the property of Husband, except Wife will have the 
right to 25% of all overriding royalty interests, if any, from MOXY assigned to 
Husband after the date of divorce that results [sic] from projects on which CLK 
forwarded letters of recommendation to MOXY to drill during the marriage.

McMoRan 
Oil & Gas, L.L.C. (AMOXY@), 
successor to McMoRan Offshore Exploration Company, is an independent oil and gas 
company engaged in the exploration, development, and production of oil and 
gas.  The company=s 
operations are primarily conducted offshore in the Gulf of Mexico and onshore in 
the Gulf Coast area, and its offices are located in New Orleans.  CLK Company, L.L.C. (ACLK@) 
is MOXY=s 
primary geological and geophysical consultant.  CLK has offices in both New Orleans and 
Houston.  MOXY is CLK=s 
only client.


Hal 
Kuntz is a minority owner and the general manager of CLK.  He works at CLK=s 
Houston office.  As general manger, 
Hal is in charge of CLK=s 
day-to-day operations and answers only to the company=s 
board, of which he is one of four members.
CLK 
is in the business of evaluating oil and gas prospects for MOXY.  After evaluating a property, CLK creates 
and forwards to MOXY a letter of recommendation (ALOR@) 
detailing its findings and recommendations.  A copy of each LOR is traditionally 
maintained in both of CLK=s 
offices.  Hal and other CLK 
principals have unrestricted access to those copies.[1]
The 
consulting agreement between MOXY and CLK provides that data and information 
obtained or compiled by CLK for MOXY belongs exclusively to MOXY and prohibits 
disclosure of that data and information to a third party without MOXY=s 
written consent.  CLK=s 
operating agreement obligates Hal to maintain the confidentiality of data and 
information acquired during his employment and prohibits him from disclosing it 
to a third party without the written consent of CLK=s 
board.


In 
May 2001, Vesta filed a motion to compel discovery, requesting that Hal be 
ordered A[t]o 
produce all LORS that are >positive= 
from October 7, 1983 (date of marriage) to June 30, 1999 (date of divorce) in an 
unredacted form.@  She had previously, pursuant to Texas 
Rule of Civil Procedure 196.1, requested that Hal produce Aall 
the LORs written during the marriage.@[2]  In response to the motion, Hal asserted 
that he did not have possession, custody, or control of the documents and that 
the requested documents were MOXY=s 
privileged trade secrets.
While 
the aforementioned motion was pending, Hal requested permission from both MOXY 
and CLK to release the relevant documents.  
MOXY and CLK, in separate letters, denied Hal=s 
written request.[3]  In August 2001, the letters were filed 
as exhibits in the trial court.
On 
September 18, 2001, a hearing was held on the motion to compel discovery.  On December 11, 2001, the trial court 
signed an order resolving the motion.  
Hal was ordered to Aproduce 
all Letters of Recommendation for the period beginning on October 7, 1983 
through June 30, 1999 generated by CLK Company or any of such company=s 
partners or employees that contain a positive recommendation.@  Approximately 2,000 LORs satisfy the 
order=s 
criteria for production.
In 
his petition for writ of mandamus, Hal requests that we: A(1) 
order Respondent to vacate the Order dated December 11, 2001, requiring Hal 
Kuntz to disclose MOXY=s 
trade secrets; (2) vacate any finding that Hal Kuntz has possession, custody, or 
control of MOXY=s 
trade secrets; and (3) grant Hal Kuntz such other and further relief to which he 
may be justly entitled.@


IV
Hal 
asserts that he does not have possession, custody, or control of the relevant 
letters of recommendation.  
Specifically, Hal asserts that, in his individual capacity, he does not 
have physical possession of the requested documents and has no legal right to 
obtain physical possession of the documents from either CLK or MOXY.  In sum, Hal argues that he Ashould 
not be ordered to produce documents in the physical possession of his corporate 
employer in this suit brought against him individually.@
Noting 
that the Atestimony 
in this case is unequivocal that the LORs were in Hal=s 
offices and he could get them anytime he wants,@ 
Vesta asserts that Ahal 
has the actual possession, custody and control of the documents, so he cannot 
refuse to produce the same.@  She does not argue that Hal has a legal 
right to obtain physical possession of the documents from either CLK or 
MOXY.
MOXY 
appeared as amicus in the courts below in support of Hal.  In this Court, MOXY, also as amicus, 
asserts that Athe 
trial court improperly circumvented the Texas Rules of Civil Procedure related 
to obtaining nonparty discovery and improperly infringed on MOXY=s 
constitutional rights by depriving MOXY of its property without due process of 
law.@  In addition, MOXY argues:


Hal 
Kuntz, as an employee of CLK, lacks both physical possession of MOXY=s 
trade secret LORs or any Aright 
to possess@ 
MOXY=s 
trade secret LORs.  At best, all 
that Hal Kuntz has is access to MOXY=s 
trade secret LORs and that access is strictly limited to use of the LORs in 
furtherance of his employer=s 
services performed for MOXY.  Like a 
bank teller with access to cash in the vault, Hal Kuntz has neither possession 
nor any right to possess MOXY=s 
trade secret LORs.


V
Hal=s 
mere access to the relevant letters of recommendation does not constitute Aphysical 
possession@ 
of the documents under the definition of Apossession, 
custody, or control@ 
set forth in Texas Rule of Civil Procedure 192.7(b).  Cf. In re Grand Jury Subpoena 
(Kent), 646 F.2d 963, 969 (5th Cir. 1981) (AThe 
[employee=s] 
subpoena, if upheld, would be illegal because it would direct her to produce 
documents not in her possession, custody, or control.  Because [employee] had mere access, her 
compliance with the subpoena would have required that she illegally take 
exclusive possession of [her employer=s] 
documents and deliver them to the grand jury.@) 
(emphasis in original); Am. Maplan Corp. v. Heilmayr, 203 F.R.D. 499, 
501-02 (D. Kan. 2001) (denying motion to compel defendant, president and 
minority shareholder of nonparty corporation, to produce nonparty 
corporation=s 
documents in suit brought against defendant in his individual capacity).  Thus, we conclude that the trial court 
abused its discretion in ordering Hal to produce the documents.[4]


If 
required to produce the relevant LORs, Hal would be forced to violate the 
confidentiality provisions contained in both CLK=s 
operating agreement and the consulting agreement between MOXY and CLK, 
potentially subjecting himself to a suit for significant damages.  See, e.g., IBP, Inc. v. 
Klumpe, 101 S.W.3d 461 (Tex.App.-BAmarillo 
2001, pet. denied) (suit brought by employer against employee arising out of 
disclosure of trade secrets by employee in response to request for 
production).  Because an appellate 
court would not be able to cure the trial court=s 
discovery error, we further conclude that Hal does not have an adequate remedy 
by appeal.
Based 
on the foregoing, we conditionally grant the writ of mandamus and direct the 
trial court to vacate its December 11, 2001 order.  We are confident that the trial court 
will promptly comply, and the writ will issue only if it does not.
 


____________________________________
Steven 
Wayne Smith

                                                                                    
Justice
 
Opinion 
delivered:  December 19, 2003
 




[1] Hal testified:
 
Q. Does CLK have copies of [the 
relevant LORs].
A. Yes, they 
do.
Q. You=ve certainly got access to them, don=t you.
A. 
I can access them, but I don=t control them.

[2] Neither the request for production nor the response 
thereto is in the mandamus record.

[3] The letter from CLK to Hal stated: AThe Board of Managers of CLK Company, L.L.C., less 
yourself, has met to determine whether to grant your June 29, 2001 request to 
allow you to provide certain confidential data currently under CLK=s care to a Houston Court . . . .  Enclosed please find a copy of our July 
12, 2001 written request to McMoRan eliciting a determination of their 
willingness to allow CLK to comply with your request for the release of 
confidential data.  
McMoRan=s July 13, 2001 response is also enclosed that 
unequivocally denies our request and demands that our members and employees 
strictly comply with the confidentiality provisions in the MMR-CLK retainer 
contract.  We must therefore inform 
you that CLK Company, L.L.C. must deny you permission to provide any of 
McMoRan=s data to any third party.@

[4] Because MOXY owns and CLK has actual physical 
possession of the relevant LORs, Vesta may seek nonparty production of the 
documents from either entity.  
See Tex. R. Civ. P. 
205.  If Vesta seeks production of 
the documents from CLK, MOXY may move for a protective order.  See Tex. R. Civ. P. 192.6(a) (AA person from whom discovery is sought, and any other 
person affected by the discovery request, may move . . . for an order protecting 
that person from the discovery sought.@); see also Tex. R. Civ. P. 
176.6(e).