IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00137-CV

 

In
re William R. Vance, Jr., Individually 

and
as Independent Executor of the 

Estate
of Florene K Grace, Deceased

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








William R. Vance, Jr., Individually and
as Independent Executor of the Estate of Florene K. Grace, seeks a writ of
mandamus directing Respondent, the Honorable Travis B. Bryan III, judge of the
272nd Judicial District Court of Brazos County, to vacate an order compelling
him to answer interrogatory requests.[1] 
We deny the relief requested.

 MANDAMUS REQUIREMENTS

Generally, mandamus
relief is available only to correct a clear abuse of discretion when there is
no adequate remedy by appeal.  See In re Bexar County Criminal Dist.
Attorney’s Office, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); see
also In re Tex. Dep't of Family &
Protective Servs., 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding).  A discovery
order that “exceeds that permitted by the rules of procedure,” constitutes an
abuse of discretion for which there is no adequate remedy at law.  In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig.
proceeding); see Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex.
1995) (per curiam).

FACTUAL BACKGROUND

            Carolyn Vance, William’s
mother, sued William individually, as independent executor of the Estate, and
as officer and director of Tricom Broadcasting, Inc., for breach of fiduciary
duty and fraud.[2] 
According to Carolyn’s petition, she and William own stock in Tricom.  Tricom
owns stock in Radio Licensing, Inc. (“RLI”), which has a Federal Communications
Commission license, and controls the actions of RLI.  RLI entered a program
provision agreement with Primecor Communications, Inc., which William owns.  RLI
also entered a facilities modification agreement with Houston Texas Radio,
L.L.C. (“HTR”).  Carolyn alleges that William failed to disclose the HTR
agreement, misrepresented the payment amount of the HTR agreement, and misused
the money from the HTR agreement.  William also issued seventy shares of Tricom
stock to Phillip Stephenson.[3] 
Carolyn seeks a declaratory judgment to determine the ownership of Tricom
stock.

            Carolyn served William with
a request for interrogatories, seeking information regarding: (1) the total
amount of money received by RLI for the agreement with HTR; (2) whether the
funds paid by HTR were deposited into “an account or accounts of Primecor…;”
(3) “the name of the creditor, the amount paid to that creditor, and the date
of such payment” if any of the HTR funds were used to pay creditors of RLI, William,
or Carolyn; and (4) “the name of the recipient, the amount of funds paid to
that person/entity, and the date or dates of such payments” if any of the HTR
funds were used to pay “any other recipient.”  William objected on grounds that
RLI and Primecor are not parties to the suit.  Respondent granted Carolyn’s
motion to compel.

ANALYSIS

             William contends that
Respondent abused his discretion by granting the motion to compel because (1)
he was not sued in his capacity as officer/director of RLI or Primecor; (2) RLI
and Primecor are not parties to the suit; and (3) the proper method for seeking
discovery from RLI or Primecor is through an oral deposition, deposition on
written questions, or a request for production; yet, Carolyn has already taken
depositions of RLI and Primecor in a different proceeding.  Carolyn contends
that Rule of Civil Procedure 192.3(a) authorizes the interrogatory requests.

            Only a party may be served with a
request for interrogatories.  See Tex.
R. Civ. P. 197.1; see also Tex.
R. Civ. P. 205.1.  That party may be asked about “any matter that is not privileged and is relevant
to the subject matter of the pending action, whether it relates to the claim or
defense of the party seeking discovery or the claim or defense of any other
party.”  Tex. R. Civ. P.
192.3(a) (emphasis added).  Answers
to interrogatories may be used only against the responding party.  Tex. R. Civ. P. 197.3.

Citing In re Kuntz, 124 S.W.3d
179 (Tex. 2003) and American Maplan Corporation v. Heilmayr, 203
F.R.D. 499 (D. Kan. 2001), William contends that “it is improper to order an
officer or employee sued in one capacity to answer interrogatories regarding
the business and financial information of a nonparty corporation he serves in
another capacity.”  In Kuntz, the Supreme Court held that an employee
sued in his individual capacity did not have “possession, custody, or control”
of documents within his corporate employer’s possession; thus, he could not be
compelled to produce those documents in response to discovery.  Kuntz,
124 S.W.3d at 183-84.  In Maplan, Heilmayr,
president of Vinyl Extrusion Technologies, Inc. (“VET”) and former president of
Maplan, was sued in his individual capacity and could not be compelled to
produce documents belonging to VET because VET was a separate legal entity and
not a party to the suit.  See Maplan, 203 F.R.D. at 501-02.

In re Rogers, 200 S.W.3d 318 (Tex. App.—Dallas
2006, orig. proceeding) addresses a situation similar to that in this case.  Kerr
sued Rogers, in part, for breach of fiduciary duty related to “imprudent management, self-dealing,
failure to diversify the assets of the trusts, failure to make sufficient and
reasonable distributions from the trusts, and failure to disclose certain
information.”  Rogers, 200 S.W.3d at 320.  Rogers was a
trustee of certain trusts established by Kerr’s grandmother, Mary Kay Ash.  See
id.  Kerr was a trust beneficiary.  Id.  The majority of trust assets consisted
of stock in Mary Kay Holding Company.  Id.

The trial court ordered Rogers to
respond to Kerr’s interrogatory and production requests, which included a
request for “documents belonging to, and information about, Mary Kay Holding
Company and Mary Kay Inc.”  Id.  Rogers argued that the “documents
belonged to Mary Kay and he did not have possession, custody, and control over
them.”  Id. at 321.  Mary Kay was not a party.[4]
 Id.

Because the “bulk of the assets of Kerr’s trusts is stock in Mary
Kay,” the Dallas Court concluded that “information concerning Mary Kay’s
financial status and prospects is certainly relevant to Kerr’s holdings” and
“to Kerr’s allegations that Rogers has imprudently managed the trusts, failed to
diversify assets of the trusts, and self-dealt in Mary Kay to the detriment of
the trusts.”  Id. at 322.  The Court stated:

Of course materials may be discoverable
but not be in the possession, custody and control of the relevant person. 
That is a separate issue and, as to Mary Kay documents, it is addressed
below.  As to documents and information within the possession, custody,
or control of Rogers, he must respond to these requests.

 

Id. (emphasis added).

            Moreover, Rule 197
contemplates a situation where interrogatory responses are based on information
obtained from a different source, other than personal knowledge.  A responding
party must sign interrogatory responses under oath except “when answers are
based on information obtained from other persons, the party may so state.”  Tex. R. Civ. P.
197.2(d)(1); see In re
SWEPI L.P., 103 S.W.3d 578, 590 (Tex. App.—San Antonio 2003, orig.
proceeding) (“The
discovery rules specifically allow a party to state when facts in his or her
answer are derived from some other source, such as an expert or another
witness.”).

Carolyn is not seeking documents belonging
to either RLI or Primecor.  She alleges that William breached his fiduciary
duty to her as a shareholder of Tricom by failing to disclose information,
making misrepresentations, and misusing money.  In the event William owed a
fiduciary duty to Carolyn, the information sought is relevant to whether he
breached that duty and to any defense he may raise to show that he did not
breach a duty.  See Rogers,
200 S.W.3d at 322.  He may answer the requests based on information obtained
from a third party.  See Tex. R.
Civ. P. 197.1(d)(1); see also SWEPI, 103 S.W.3d at 590.  Whether the information is within
William’s possession, custody, or control is a different issue and was not a
basis for Respondent’s order.  See Rogers,
200 S.W.3d at 322, 324-25.

Accordingly, we conclude that Respondent
did not abuse his discretion by granting Carolyn’s motion to compel.  Because William
has not established his right to mandamus relief, we deny his petition for writ
of mandamus.

 

 

FELIPE REYNA

Justice




 

Before
Justice Reyna, 

Justice Davis, and 

Judge Hyde[5]

Writ
denied 

Opinion
delivered and filed July 21, 2010 

[OT06]









[1]               The trial court issued a
letter order on February 12, 2010 and signed a formal order on March 31.   





[2]               A probate proceeding is pending
in the County Court at Law No. 1 in Brazos County, which includes Carolyn’s
claim for declaratory relief regarding the ownership of Tricom.  See In re Vance, No.
10-09-00177-CV, 2009 Tex.
App. LEXIS 9154, at *2 (Tex. App.—Waco Nov. 29, 2009, orig. proceeding). 

 





[3]
              Although Stephenson
is a party to the lawsuit, he is not a party to this original proceeding.





[4]               Mary Kay filed a motion
for protection based on the discovery requests.  See In re Rogers, 200 S.W.3d 318, 321 (Tex.
App.—Dallas 2006, no pet.).  Here, no motions have been filed by RLI or
Primecor.





[5]
              The Honorable John G. Hyde, Judge of the 238th District Court, sitting by assignment of the Chief
Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the
Government Code.  See Tex. Gov’t
Code Ann. § 74.003(h) (Vernon 2005).