

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00137-CV

## IN RE WILLIAM R. VANCE, JR., INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF FLORENE K GRACE, DECEASED

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

William R. Vance, Jr., Individually and as Independent Executor of the Estate of Florene K. Grace, seeks a writ of mandamus directing Respondent, the Honorable Travis B. Bryan III, judge of the 272nd Judicial District Court of Brazos County, to vacate an order compelling him to answer interrogatory requests.[1]  We deny the relief requested.

### MANDAMUS REQUIREMENTS

Generally, mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *See In re Bexar County Criminal Dist.*

---

[1]       The trial court issued a letter order on February 12, 2010 and signed a formal order on March 31.

*Attorney's Office,* 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *see also In re Tex. Dep't of Family & Protective Servs.,* 210 S.W.3d 609, 612 (Tex. 2006) (orig. proceeding).  A discovery order that "exceeds that permitted by the rules of procedure," constitutes an abuse of discretion for which there is no adequate remedy at law.  *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding); *see Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex. 1995) (per curiam).

## FACTUAL BACKGROUND

Carolyn Vance, William's mother, sued William individually, as independent executor of the Estate, and as officer and director of Tricom Broadcasting, Inc., for breach of fiduciary duty and fraud.[2]  According to Carolyn's petition, she and William own stock in Tricom.  Tricom owns stock in Radio Licensing, Inc. ("RLI"), which has a Federal Communications Commission license, and controls the actions of RLI.  RLI entered a program provision agreement with Primecor Communications, Inc., which William owns.  RLI also entered a facilities modification agreement with Houston Texas Radio, L.L.C. ("HTR").  Carolyn alleges that William failed to disclose the HTR agreement, misrepresented the payment amount of the HTR agreement, and misused the money from the HTR agreement.  William also issued seventy shares of Tricom stock to Phillip Stephenson.[3]  Carolyn seeks a declaratory judgment to determine the ownership of Tricom stock.

---

[2]     A probate proceeding is pending in the County Court at Law No. 1 in Brazos County, which includes Carolyn's claim for declaratory relief regarding the ownership of Tricom.  *See In re Vance*, No. 10-09-00177-CV, 2009 Tex. App. LEXIS 9154, at *2 (Tex. App.—Waco Nov. 29, 2009, orig. proceeding).

[3]     Although Stephenson is a party to the lawsuit, he is not a party to this original proceeding.

Carolyn served William with a request for interrogatories, seeking information regarding: (1) the total amount of money received by RLI for the agreement with HTR; (2) whether the funds paid by HTR were deposited into "an account or accounts of Primecor…;" (3) "the name of the creditor, the amount paid to that creditor, and the date of such payment" if any of the HTR funds were used to pay creditors of RLI, William, or Carolyn; and (4) "the name of the recipient, the amount of funds paid to that person/entity, and the date or dates of such payments" if any of the HTR funds were used to pay "any other recipient." William objected on grounds that RLI and Primecor are not parties to the suit. Respondent granted Carolyn's motion to compel.

## ANALYSIS

William contends that Respondent abused his discretion by granting the motion to compel because (1) he was not sued in his capacity as officer/director of RLI or Primecor; (2) RLI and Primecor are not parties to the suit; and (3) the proper method for seeking discovery from RLI or Primecor is through an oral deposition, deposition on written questions, or a request for production; yet, Carolyn has already taken depositions of RLI and Primecor in a different proceeding. Carolyn contends that Rule of Civil Procedure 192.3(a) authorizes the interrogatory requests.

Only a party may be served with a request for interrogatories. *See* Tex. R. Civ. P. 197.1; *see also* Tex. R. Civ. P. 205.1. That party may be asked about "*any matter* that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any

other party." TEX. R. CIV. P. 192.3(a) (emphasis added). Answers to interrogatories may be used only against the responding party. TEX. R. CIV. P. 197.3.

Citing *In re Kuntz*, 124 S.W.3d 179 (Tex. 2003) and *American Maplan Corporation v. Heilmayr*, 203 F.R.D. 499 (D. Kan. 2001), William contends that "it is improper to order an officer or employee sued in one capacity to answer interrogatories regarding the business and financial information of a nonparty corporation he serves in another capacity." In *Kuntz*, the Supreme Court held that an employee sued in his individual capacity did not have "possession, custody, or control" of documents within his corporate employer's possession; thus, he could not be compelled to produce those documents in response to discovery. *Kuntz*, 124 S.W.3d at 183-84. In *Maplan*, Heilmayr, president of Vinyl Extrusion Technologies, Inc. ("VET") and former president of Maplan, was sued in his individual capacity and could not be compelled to produce documents belonging to VET because VET was a separate legal entity and not a party to the suit. *See Maplan*, 203 F.R.D. at 501-02.

*In re Rogers*, 200 S.W.3d 318 (Tex. App.—Dallas 2006, orig. proceeding) addresses a situation similar to that in this case. Kerr sued Rogers, in part, for breach of fiduciary duty related to "imprudent management, self-dealing, failure to diversify the assets of the trusts, failure to make sufficient and reasonable distributions from the trusts, and failure to disclose certain information." *Rogers*, 200 S.W.3d at 320. Rogers was a trustee of certain trusts established by Kerr's grandmother, Mary Kay Ash. *See id*. Kerr was a trust beneficiary. *Id*. The majority of trust assets consisted of stock in Mary Kay Holding Company. *Id*.

The trial court ordered Rogers to respond to Kerr's interrogatory and production requests, which included a request for "documents belonging to, and information about, Mary Kay Holding Company and Mary Kay Inc." *Id*. Rogers argued that the "documents belonged to Mary Kay and he did not have possession, custody, and control over them." *Id*. at 321. Mary Kay was not a party.[4] *Id*.

Because the "bulk of the assets of Kerr's trusts is stock in Mary Kay," the Dallas Court concluded that "information concerning Mary Kay's financial status and prospects is certainly relevant to Kerr's holdings" and "to Kerr's allegations that Rogers has imprudently managed the trusts, failed to diversify assets of the trusts, and self-dealt in Mary Kay to the detriment of the trusts." *Id*. at 322. The Court stated:

> Of course materials may be discoverable but not be in the possession, custody and control of the relevant person. That is a *separate issue* and, as to Mary Kay documents, it is addressed below. As to documents and *information* within the possession, custody, or control of *Rogers*, he must respond to these requests.

*Id*. (emphasis added).

Moreover, Rule 197 contemplates a situation where interrogatory responses are based on information obtained from a different source, other than personal knowledge. A responding party must sign interrogatory responses under oath except "when answers are based on information obtained from other persons, the party may so state." TEX. R. CIV. P. 197.2(d)(1); *see In re SWEPI L.P.*, 103 S.W.3d 578, 590 (Tex. App.—San Antonio 2003, orig. proceeding) ("The discovery rules specifically allow a party to state

---

[4] Mary Kay filed a motion for protection based on the discovery requests. *See In re Rogers*, 200 S.W.3d 318, 321 (Tex. App.—Dallas 2006, no pet.). Here, no motions have been filed by RLI or Primecor.

when facts in his or her answer are derived from some other source, such as an expert or another witness.").

Carolyn is not seeking documents belonging to either RLI or Primecor. She alleges that William breached his fiduciary duty to her as a shareholder of Tricom by failing to disclose information, making misrepresentations, and misusing money. In the event William owed a fiduciary duty to Carolyn, the information sought is relevant to whether he breached that duty and to any defense he may raise to show that he did not breach a duty. *See Rogers*, 200 S.W.3d at 322. He may answer the requests based on information obtained from a third party. *See* TEX. R. CIV. P. 197.1(d)(1); *see also SWEPI*, 103 S.W.3d at 590. Whether the information is within William's possession, custody, or control is a different issue and was not a basis for Respondent's order. *See Rogers*, 200 S.W.3d at 322, 324-25.

Accordingly, we conclude that Respondent did not abuse his discretion by granting Carolyn's motion to compel. Because William has not established his right to mandamus relief, we deny his petition for writ of mandamus.

FELIPE REYNA
Justice

Before Justice Reyna,
      Justice Davis, and
      Judge Hyde[5]
Writ denied
Opinion delivered and filed July 21, 2010
[OT06]

---

[5]      The Honorable John G. Hyde, Judge of the 238th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).